Widell Co. v. Industrial Comm. 180 Wis. 179.

WIDELL COMPANY and another, Appellants, vs. INDUSTRIAL COMMISSION OF WISCONSIN and another, Respondents.

*February 9—March 6, 1923.*

*Workmen's compensation: Finding of industrial commission: Circumstantial evidence: Inferences from proved facts: Weight: Services growing out of and incidental to employment: Going for a drink: Minors: Dependents.*

1. Findings of fact of the industrial commission cannot be based on mere conjecture, and the burden of proof is on the claimant.
2. In a proceeding under the workmen's compensation act to recover for the death of a boy who was injured when he attempted to alight from the running-board of a motor truck, it is *held* that there was evidence on which to base a finding that he was injured while performing services growing out of and incidental to his employment, it appearing that it was customary for employees, in going for a drink of water, to ride on trucks which hauled materials for the employer, that deceased was in the region from which he would have been coming had he gone to the well, and that the testimony indicating that he was on the truck on a personal mission was too confused and contradictory to be the basis of a finding.
3. Going for a drink in the customary manner is within the rule permitting recovery under the workmen's compensation act for injuries received by an employee doing some act not prohibited and necessary or convenient to his health and comfort.

4. The industrial commission. as a trier of fact has the right to
   rely on circumstantial evidence and draw proper inferences
   from proven facts, and its findings of fact are final unless
   there is no reasonable basis therefor.
5. The evidence is *held* to show that the boy had made a con-
   tribution to his father, which went to the support of the
   family, in excess of .$500 during the year previous to his
   death, and to sustain a finding of dependency.

APPEAL from a judgment of the circuit court for Dane
county: E. RAY STEVENS, Circuit Judge.  *Affirmed.*

For the appellants there was a brief by *Lamfrom &
Tighe,* attorneys, and *Leon B. Lamfrom* and *Fred R.
Wright,* of counsel, all of Milwaukee, and oral argument
by *Leon B. Lamfrom.*

For the respondent *Industrial. Commission* there was a
brief by the *Attorney General* and *Winfield W. Gilman,*
assistant attorney general, and oral argument by *Mr. Gil-
man* and *Mr. James Murray* of. Fond du Lac.

JONES, J.   This is an appeal from a judgment of the cir-
cuit court for Dane county affirming the award of the
*Industrial Commission of Wisconsin* in favor of *Herman
Westphal* for $2,090.21, death benefits, because of the death
of his son Irving Westphal.

The complaint alleges that Irving, about eighteen years
of age, was injured and met his death while in the employ
of the *Widell Company* in the state of Wisconsin; that the
father filed his claim under the workmen's compensation act
with the *Industrial Commission of Wisconsin;* and that an
award was made against the *Widell Company* and the insur-
ance company for $2,090.21.

It was alleged that the *Commission* acted in excess of its
powers in making said award for the reason that the evi-
dence showed that the deceased was injured and met his
death while he was not performing services growing out of.
and incidental to his employment; and the findings were

not findings of fact made within the powers of the *Commission*.

The complaint further alleged that at the time deceased was injured he was engaged in a frolic of his own and that the injuries and death were caused by falling from a truck upon which he was riding and from which he had jumped while he was not performing services growing out of and incidental to his employment; and that the *Commission* acted in excess of its powers for the reason that the evidence showed no dependency.

The *Industrial Commission,* by answer, denied these allegations.   The trial court confirmed the award of the *Commission.*

At the time of the accident the deceased was employed on certain road work of the *Widell Company*.   His duties were at a certain cement platform handling and loading cement on trucks which passed the platform at intervals. Before coming to the cement platform the truck collected rock at another station, and after leaving the cement platform sand was collected from a third platform at some distance from the cement platform.   After leaving the station where the sand was procured the truck carried the various materials collected to a point on the road where the work was being done.   At the time of the accident resulting in the death of Irving Westphal the truck was being driven by a man named Webster, a personal friend of the deceased.   Webster had collected his cement at the platform where deceased worked, had taken the necessary amount of sand, and was proceeding to his destination on the road, when, at a distance of about seventy feet from the cement platform, the deceased ran out to the truck, got on the running-board, and shortly afterward, while attempting to get off the truck, his glove caught on the horn and he slipped under the wheels, receiving the injuries which resulted in his death a few days later.

Widell Co. v. Industrial Comm. 180 Wis. 179.

The boy had been working for the *Widell Company* for a period of three months, and during the balance of the year preceding he had been working for his father, the applicant, on the farm doing threshing and other farm work. For such threshing, when done for others, he received $5 per day over a period of from twenty-five to thirty days, and also received in addition his room and board. His father bought him his clothes and gave him three, four, or five dollars at different times as spending money. During the year prior to the boy's death all of his earnings had been turned over to the father and during this time the father had saved about $400, and had it not been for an insurance policy of $1,000 on the boy's life, which he collected, he would have lost about $600 on his farm work that year.

The only witness of the accident was Webster, who was then driving the truck. He testified that at a time before when he was not on the job the boy had run the truck for about ten days; that just before the accident he saw that the boy wanted to speak to him and he slowed up and the boy jumped on the running-board; that as they reached the cement platform he slowed down and the boy jumped; his glove caught on the horn and he fell and went under the wheels; that he could not recall what the boy said; had no recollection at all. He then added:

"It seems at times as though he said something about the truck the first thing. I don't know that—whether it was how it was running or what about it—I don't remember, but it was something about the truck."

Later he said that the boy gave no orders from the foreman or anybody else. He testified further:

"I can't remember what was said in any conversation; I can't remember a thing that was said."

This witness and several others testified that it was a custom of the boy and others working at the cement platform to get on the running-board in this manner when they

Widell Co. v. Industrial Comm. 180 Wis. 179.

wanted to get a drink. There was testimony that although the *Widell Company* tried to keep fresh water at the cement platform, very often employees would go and get the water themselves.

It is true as claimed by appellant's counsel that in this class of cases the burden of proof is on the claimant; that the *Industrial Commission* can make no award unless it be supported by the findings of fact; that every finding of fact must have some substantial evidence for its support, and that a finding of fact cannot be based on mere conjecture. *Voelz v. Industrial Comm.* 161 Wis. 240, 152 N. W. 830.

Counsel apply this rule and argue that there was no positive evidence on which to predicate the finding that deceased met his death from injuries received while performing services growing out of and incidental to his employment. In arriving at this conclusion counsel rely on the testimony of the witness Webster, claiming that it shows that the boy was on the truck on a personal mission and to inquire how the truck was running.

It is evident that the *Industrial Commission* and the trial court believed this testimony was too confused and contradictory to be the basis of such a finding, and with this we agree.

It was proven by abundant evidence that it was the custom of the deceased and the other employees to ride as he did on that day in going for water, and that this was known to the employer. When he stepped on the running-board he was, as said in the opinion of the trial judge, "in the region from which he would have been coming had he been to the well for a drink."

It is well settled that compensation will not be denied because at the moment the injury is received the employee is not actually doing the specific work assigned to him. It suffices if, in the language of the statute, the "employee is performing service growing out of and incidental to his employment." Under the liberal construction which this court

and other courts have given to the statute, there are many illustrations where compensation has been allowed the employee for injuries received while he was doing some act not prohibited, and necessary or convenient to his own personal health or comfort. *Holt L. Co. v. Industrial Comm.* 168 Wis. 381, 170 N. W. 366; *Milwaukee Western F. Co. v. Industrial Comm.* 159 Wis. 635, 150 N. W. 998; *Hackley-Phelps-Bonnell Co. v. Industrial Comm.* 165 Wis. 586, 162 N. W. 921; *Racine R. Co. v. Industrial Comm.* 165 Wis. 600, 162 N. W. 664.

Clearly the act of going for a drink or returning from such an errand in a customary manner would come within the rule of these cases. Although no witness had testified that the deceased had gone for a drink, all the facts above stated were before the *Commission.* Like other tribunals required to determine facts, they had the right to rely on circumstantial evidence and to draw proper inferences from the facts proven.

The employer filed with the *Commission* a report in which the accident was described as follows:

"Injured was riding on a truck to get drink; when he returned his glove caught on horn as he was alighting, thus causing him to fall under rear wheel."

About a month later a letter was written by the employer to the *Commission* to the effect that on further investigation it had been found that at the time of the accident the deceased was on a personal errand and not after a drink of water as at first reported. This admission, even though explained, and the other facts proven certainly afforded some evidence tending to show that the injury was sustained while the deceased was performing service growing out of and incidental to his employment. It was evidence from which the *Industrial Commission* might have drawn the inference that the deceased was in the performance of duty and not merely in pursuit of his own pleasure. In dealing

with such a situation, in an opinion by the late Mr. Chief Justice SIEBECKER, it was said:

"In the field of inferences from evidentiary facts their action is final and controlling under the authority conferred upon them by law unless it appears that there is no reasonable basis for their conclusions under the facts and circumstances before them and thus rendering their action without or in excess of their powers." *Milwaukee Western F. Co. v. Industrial Comm.* 159 Wis. 635, 643, 644, 150 N. W. 998.

After considering the testimony and the inferences to be drawn therefrom, the *Industrial Commission* found as matters of fact that the deceased did not deviate from the course of his employment, but was at the time of the injury engaged in performing services growing out of and incidental to his employment. This finding was approved by the trial court, was supported by credible evidence, and we cannot disturb it.

It is claimed by appellant's counsel that no dependency was shown. The *Industrial Commission* found that during the year preceding his death deceased had made a net contribution to the family of claimant in the sum of $512.73, all of which went to the support of the family. There appears no reason for disturbing the finding.

*By the Court.*—Judgment affirmed, with costs to respondent.