MONROE COUNTY and another, Appellants, vs. INDUSTRIAL
COMMISSION and another, Respondents.

*April 11—May 6, 1924.*

*Workmen's compensation: Performing services growing out of and
incidental to employment: Employee returning from dinner:
Use of short-cut.*

1. Where a county employee, while returning to his work on a
   highway by a short-cut across a vacant village block after
   eating dinner at his employer's camp, was injured by tripping
   over a wire, he was entitled to compensation as for an injury
   arising out of and incidental to his employment, within sec.
   102.03, Stats. 1923.   p. 33.
2. A short-cut, though it be a departure from the usual route, does
   not necessarily take an employee out of the usual course of
   his employment.   p. 34.

APPEAL from a judgment of the circuit court for Dane
county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

*Romulus Rusk* was hired on the morning of August 27,
1923, by the plaintiff, *Monroe County,* through its highway
commissioner, to work at spreading gravel on a highway
near the limits of the village of Wilton.   The county main-
tained a boarding camp in close proximity to the work.   Em-
ployees were permitted, but it was not necessary for them,
to board at this camp.   It seems to have been provided be-
cause, as a rule, it was not convenient for its employees to
find other living accommodations.   A platted village block
lay between this camp and the place where the work was be-
ing done on the highway.   The highway could be reached
from the camp by a road which ran around the village block.
Rusk ate dinner at the camp and proceeded to return to
the place of work on the highway.   He cut straight across
the village block, and tripped on a wire as he was stepping
onto the sidewalk which ran along the city block and at the
side of the highway on which the work was being performed.
He fell to the sidewalk and sustained injuries.   The *Indus-
trial Commission* found that the injuries were sustained by

*Rusk* "while in the employ of the respondent performing service growing out of and incidental to his employment," and made an award in favor of the claimant, which award was affirmed upon appeal to the circuit court. This appeal is from the judgment of the circuit court affirming the award.

For the appellants there was a brief by *Brown, Pradt & Genrich* of Wausau, and oral argument by *L. A. Pradt.*

For the respondents there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

OWEN, J. The sole question presented is whether the employee was performing service growing out of and incidental to his employment at the time of the accident, within the meaning of sec. 102.03, Stats. It has been held that employees are performing services growing out of and incidental to their employment when they are injured while going for a drink of water (*Widell Co. v. Industrial Comm.* 180 Wis. 179, 192 N. W. 449) ; while going to a toilet during the lunch hour (*Milwaukee Western F. Co. v. Industrial Comm.* 159 Wis. 635, 150 N. W. 998) ; while eating a lunch during the noon hour (*Racine Rubber Co. v. Industrial Comm.* 165 Wis. 600, 162 N. W. 664) ; while going from place to place on a city street (*Schroeder & Daly Co. v. Industrial Comm.* 169 Wis. 567, 173 N. W. 328; *United States Cas. Co. v. Superior H. Co.* 175 Wis. 162, 184 N. W. 694) ; and while sleeping in a bunk-house in a lumber camp (*Holt L. Co. v. Industrial Comm.* 168 Wis. 381, 170 N. W. 366; *John H. Kaiser L. Co. v. Industrial Comm.* 181 Wis. 513, 195 N. W. 329).

It was necessary for the men employed by the county to work on the highway to have some place to eat and sleep. Because the work was ambulatory in its nature, the county found it convenient if not necessary to provide camps at which the employees might receive living accommodations.

When Rusk left his work and went to his dinner, it would seem that he was as much in the course of his employment as though he had gone to a toilet or for a drink of water. The fact that he took a short-cut instead of following the road around the block does not change the situation. Although the camp was separated from the highway by a platted village block, the block was vacant and unoccupied. It was not unnatural for men to proceed on a direct line from the camp to their work rather than follow the road around the block. A short-cut, though it be a departure from the usual route, does not necessarily take the employee out of the usual course of his employment. *Clem v. Chalmers Motor Co.* 178 Mich. 340, 144 N. W. 848; *Highley v. L. & Y. R. Co.* 9 Butterworth's W. C. C. 496; *Gane v. Norton Hill C. Co.* 100 L. T. Rep. 979, 2 Butterworth's W. C. C. 42; *Pepper v. Sayer,* 7 Butterworth's W. C. C. 616. Even under the stricter rules of the common law it was held that an employee who had gone approximately the same distance out of the most direct route of travel to a place at which he had no duty to perform, had not left his employment so as to take himself outside the relation of employer and employee. *Charron v. Northwestern Fuel Co.* 149 Wis. 240, 246, 134 N. W. 1048. The award of the *Industrial Commission* was properly affirmed.

*By the Court.*—Judgment affirmed.