KIMBERLY-CLARK COMPANY, Appellant, vs. INDUSTRIAL
COMMISSION OF WISCONSIN and another, Respondents.

*April 8—May 12, 1925.*

*Workmen's compensation: Scope of employment: Workman making
tool box.*

Where the evidence adduced in a proceeding for compensation
under the workmen's compensation act showed that the place
where the employer kept the tools used by claimant was un-
safe and that they were often removed so that he could not
get them promptly and with certainty, a finding of the indus-
trial commission that the making of a tool box within 'which
to keep such tools securely locked so that the tools could be
got by the employee without delay was beneficial to the em-
ployer and within the scope of claimant's employment, is
justified.

APPEAL from a judgment of the circuit court for Dane
county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

Action to set aside an award of the *Industrial Commis-
sion* on the ground that the claimant, *Dominic Darne,* was
not acting within the scope of his employment at the time he
received the injury for which the awarded damages are
given. *Darne* was employed as a helper to the day repair-
man and to assist in keeping repaired machines used for mak-
ing paper. As such repairman it was necessary for him to
have suitable tools. The testimony is somewhat in conflict as
to whether or not the company furnished the tools. But it
fairly appears therefrom that the company did have tools
that the claimant might have used and at times did use. But
the evidence also shows that the claimant furnished tools of
his own and that the place where the company kept its tools
was not safe; that tools were often taken therefrom and had
to be hunted up or secured elsewhere than at the regular place
where they were kept by the company. During working
hours he was planing a board on a planer for the purpose of
making himself a tool box in which to keep his tools under

lock and key upon the premises of his employer and while in the employ of the company. It was not his intention to take the box home or to use it elsewhere than in the repair shop of the plaintiff company. The *Commission* found that the making of such tool box was performing a service within the scope of and incidental to his employment, inasmuch as it inured to the benefit of the plaintiff company, and awarded him the statutory damages for his injury. To test the validity of this award the plaintiff brought this action.

For the appellant there were briefs by *Hooper & Hooper* of Oshkosh, and oral argument by *Ed. M. Hooper.*

For the respondent *Industrial Commission* there was a brief by the *Attorney General, Mortimer Levitan,* assistant attorney general, and *Suel O. Arnold,* law examiner, and oral argument by *Mr. Arnold.*

VINJE, C. J.  The only question raised upon this appeal is whether or not there was any credible evidence introduced from which the *Commission* could reasonably come to the conclusion that the making of the tool box was an act within the scope of and incidental to the employment of the claimant. It is undisputed that the company furnished him no adequate tools, or, if they were furnished, they were not kept in a place where he could promptly and with certainty get them. Under such circumstances the *Commission* could properly find that the making of a tool box within which to keep his tools securely locked so that he could get them without delay was a work which was beneficial to the employer. It is not a case such as that of *Radtke Bros. & Korsch Co. v. Rutzinski,* 174 Wis. 212, 183 N. W. 168, where the employee was engaged in a private enterprise for his own convenience and one which in no wise inured to the benefit of his employer. Respondent relies among others upon the following cases wherein it has been held that work incidental to the employment includes eating lunch on the premises: *Milwaukee Western F. Co. v. Industrial Comm.* 159 Wis.

635, 150 N. W. 998; *Racine R. Co. v. Industrial Comm.*
165 Wis. 600, 162 N. W. 664; warming oneself during
leisure time, *Northwestern I. Co. v. Industrial Comm.* 160
Wis. 633, 152 N. W. 416; going for a drink, *Widell Co. v.
Industrial Comm.* 180 Wis. 179, 192 N. W. 449; cleaning
up in a factory though consisting of work different from
that which the employee was engaged to perform, *Morgan
Co. v. Industrial Comm.* 185 Wis. 428, 201 N. W. 738.
This court has held that the statute must be liberally con-
strued in favor of including all service that can in any sense
be said to reasonably come within it. *Brienen v. Wisconsin
Pub. S. Co.* 166 Wis. 24, 163 N. W. 182. In view of the
construction heretofore given the statute, it is quite clear
that there was evidence in this case from which the *Com-
mission* could reasonably draw the conclusion that the serv-
ice the employee performed was within the scope of and
incidental to his employment because its performance inured
to the benefit of the employer.

*By the Court.*—Judgment affirmed.