VILTER MANUFACTURING COMPANY and another, Appellants, vs. INDUSTRIAL COMMISSION OF WISCONSIN and another, Respondents.

*February 12—March 8, 1927.*

*Workmen's compensation: Finding of industrial commission based on preponderance of probabilities: Workman exposed to smallpox: Scope of employment: Workman eating ice cream.*

1. In determining whether an award of the industrial commission is sustained by the evidence, the supreme court is not called upon to weigh the probabilities for or against a finding of the commission, but only to ascertain whether or not there is competent evidence to sustain it.  p. 365.

2. The preponderance of inferences that deceased was exposed to smallpox while working as an employee of plaintiff in a hospital is *held* so great that the industrial commission could find to a reasonable certainty that deceased contracted the disease while in the employ of the plaintiff.  p. 366.

3. The workman, who was sent by his employer to an isolation hospital to service a refrigerator, while there ate some ice cream which was given him by a janitor of the hospital. *Held,*

that the eating of the ice cream was not outside the scope of the employment of the deceased; and if while so engaged he contracted smallpox, his widow is entitled to compensation. p. 366.

APPEAL from a judgment of the circuit court for Dane county: AUGUST C. HOPPMANN, Circuit Judge. *Affirmed.*

Action to set aside an award of the *Industrial Commission* on the grounds (a) that there is no evidence to sustain the finding that Roy Jahncke, the deceased, contracted smallpox, from which disease he died, while performing service growing out of and incidental to his employment, and (b) if he did contract the disease while in the employ of the plaintiff manufacturing company he was not at the time it was contracted within the scope of his employment. The *Industrial Commission* found that he did contract smallpox while employed by the plaintiff manufacturing company and while within the scope of his employment, and entered an award in favor of the claimant, his widow. From a judgment affirming the award the plaintiffs appealed.

For the appellants there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Arthur B. Doe,* of counsel, all of Milwaukee, and oral argument by *Mr. Doe.*

For the respondent *Industrial Commission* there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

*Andrew W. Brunhart* of Milwaukee, for the respondent *Jahncke.*

VINJE, C. J. Roy Jahncke died on April 6, 1925, from smallpox. For nine years he had been in the employ of the *Vilter Manufacturing Company* as an erecting engineer. He worked part of the time at the plant of the company on Clinton street in Milwaukee and part of the time away from the plant. For two weeks prior to March 7, 1925, he was at Hillsboro, Wisconsin, where two families were

quarantined for smallpox. He went there by train. On March 11th he went to the South View Hospital or isolation hospital, where there were smallpox patients, to serve a refrigerator plant. He and his helper waited in the boiler room for about half an hour for the engineer. Refuse from the hospital was daily burned in the boiler room. From there he went to the refrigerator room, about fifteen feet from the laundry. The entrance to the refrigerator room was opposite the kitchen, and a ventilating fan expelled the air from the kitchen in the direction of the refrigerator room, whose windows were open part of the time. While working in the refrigerator room a janitor came in and made some ice cream a few feet from where deceased worked. He was given some ice cream from a spoon by the janitor. The helper also had some and all ate from the same spoon, but its bowl was washed in hot water between the eatings. The janitor had worked till about 9:30 cleaning up the wards and had then taken care of the laundry. Deceased worked in the refrigerator room till about 4 o'clock in the afternoon. He did not again return to work in the hospital. Later he was employed a short time at Godfrey & Sons, commission merchants, on Broadway, where a clerk had recovered from smallpox in February. On March 19th he was sent to Benton Harbor, Michigan, where he was taken ill, and he returned on the 24th and had medical attention. On the 29th he was taken to the isolation hospital where he died. There were about twenty-six smallpox cases in Milwaukee March 11th, and the number increased later. There were no cases in the family of the deceased or immediate vicinity. The medical testimony of at least two doctors on behalf of the claimant was to the effect that while it could not be stated as a certainty that he contracted smallpox at the isolation hospital it was very probable that he did—much more probable than that it was contracted elsewhere. The incubation period was shown to be from

eight to sixteen days, and it is in evidence that on March 20th deceased was ill from smallpox. The medical testimony of the plaintiffs does not contradict that of the claimant, it only emphasizes the fact that it cannot be told to a certainty that he contracted the disease at the hospital, and it is urged that he may have contracted it on street cars, trains, or elsewhere.

Since we are not called upon to weigh the probabilities for or against the finding of the *Commission,* but only to ascertain whether or not there is competent testimony to sustain it, no effort has been made to set out all the details of the evidence for or against the *Commission's* finding. The ultimate question we have to answer is, Can a finding rest upon a preponderance of probabilities? The assertion is made by plaintiffs that the finding is only a guess and that it must amount to a reasonable certainty. That a finding or verdict must amount to a reasonable certainty is the law. That brings us to the question stated somewhat differently, Can a finding to a reasonable certainty be based upon evidence which shows only a preponderance of probabilities?

Fortunately our court has dealt with this question several times. In *Hallum v. Omro,* 122 Wis. 337, 99 N. W. 1051, the court says:

"True there can be no recovery, legitimately, for permanent impairment in a case like this" (action for personal injury) "in the absence of competent evidence warranting a conclusion, with reasonable certainty, that such impairment will exist as a result of the accident; but it is not necessary that opinion evidence should be confined to that high degree of certainty. Experts may properly testify to the mere probabilities of the case." Page 342 and cases cited.

And again it says:

"An examination of the cases cited will show that 'probable,' 'likely,' and 'liable' have been treated as synonymous, each dealing with reasonable probability, not with possi-

bility, and that what may probably or is likely or liable to be the future result of a personal injury is competent evidence to prove what is reasonably certain in the matter. . . . An interrogatory as to what the probabilities are, or what is likely or liable to be the result as regards permanency of the injury, cannot be condemned as speculative or conjectural. This does not militate at all against the doctrine that the ultimate vital fact to be determined is what is reasonably certain to be the result. That is for the jury to determine from all the evidence bearing on the question, including the opinion evidence as to what is probable, likely, or liable to be the case." Pages 344, 345.

See, also, *Faber v. C. Reiss Coal Co.* 124 Wis. 554, 561, 102 N. W. 1049, where questions relating to what was "likely" or "apt" to happen or as to the probabilities of future suffering were held competent.

In *Block v. Milwaukee St. R. Co.* 89 Wis. 371, 375, 61 N. W. 1101, a doctor was permitted to testify as to the "reasonable probability" of recovery, and it was said that proof of a "reasonable certainty" may be made by proof of a mere "reasonable probability." That it was for the jury to determine the force of such testimony. See, also, 10 Ruling Case Law, 1012 *et seq.*

These facts are established: (a) deceased died from smallpox; (b) he was exposed to it somewhere; (c) the inferences preponderate that the hospital was the place of exposure; (d) the preponderance of inferences is so great that the *Commission* could say it amounted to a reasonable certainty. We therefore reach the conclusion that there was sufficient competent evidence upon which to base the finding of the *Commission*.

The claim that the eating of the ice cream was outside the scope of his employment is not well taken. We regard the eating of ice cream the same as taking a drink of water or other refreshment customarily done by employees everywhere and not forbidden by the employer. The following cases in our own court bear upon this question: *Vennen v. New Dells L. Co.* 161 Wis. 370, 154 N. W. 640; *Widell Co.*

*v. Industrial Comm.* 180 Wis. 179, 192 N. W. 449; *Holt L. Co. v. Industrial Comm.* 168 Wis. 381, 170 N. W. 366; *Milwaukee Western F. Co. v. Industrial Comm.* 159 Wis. 635, 150 N. W. 998.

*By the Court.*—Judgment affirmed.