BADGER FURNITURE COMPANY and another, Respondents, vs. INDUSTRIAL COMMISSION OF WISCONSIN and another, Appellants.

*January 13—February 7, 1928.*

*Workmen's compensation: Employee injured by playful act of co-employee: Recovery.*

1. An injury to the eye of a spinning-machine operator, caused by a nail thrown in play by a fellow employee while the operator was sitting on a window sill five feet from the machine about seven minutes before time to begin work, was received while the employee was within the course of his employment under sec. 102.03, Stats., and the injury grew out of the employment. pp. 136, 137.

2. The injured employee is not precluded from recovering under the compensation act by reason of the fact that the nail was thrown in play, where he himself was not engaged in play and

was in no manner to blame for the injury. [*Federal Rubber Mfg. Co. v. Havolic,* 162 Wis. 341, overruled.] pp. 136, 139.

3. The compensation act should be broadly and liberally construed to carry out its humane purposes. p. 139.

APPEAL from a judgment of the circuit court for Dane county: A. G. ZIMMERMAN, Circuit Judge. *Reversed.*

This is an appeal from a judgment setting aside an award of the *Industrial Commission* for compensation to the defendant *Champeau* for personal injuries sustained while he was in the employ of the plaintiff *Badger Furniture Company.*

*Champeau,* aged sixteen, employed by the *Badger Furniture Company* in running a spinning machine, went to his work in the factory about seven minutes before time for the machines to start, and sat down on a window sill, about five feet from his machine, to await the signal to commence work. A fellow employee, aged seventeen, sat on another window sill about ten feet from *Champeau.* He picked up a nail which was lying on the sill and threw it at *Champeau,* striking and injuring *Champeau's* right eye. The boys were friends, and no injury was intended. The *Industrial Commission* awarded compensation to *Champeau,* and the plaintiffs brought an action in the circuit court to review the award. The circuit court set aside the award and entered judgment for plaintiffs. The defendants appealed.

For the appellant *Industrial Commission* there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondents there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Arthur B. Doe,* of counsel, all of Milwaukee, and oral argument by *Mr. Doe.*

CROWNHART, J. Sec. 102.03, Stats. 1925, provides that liability for compensation shall exist under the act—

"(2) Where, at the time of the accident, the employee is performing service growing out of and incidental to his employment.

"Every employee going to and from his employment in the ordinary and usual way, while on the premises of his employer, shall be deemed to be performing service growing out of and incidental to his employment."

The injured employee, when accidentally injured, was plainly within the course of his employment. He had come to his work a few minutes before the whistle was to blow to begin work, and was sitting near his machine, which he was required to operate, awaiting the signal to begin work. That his presence in the shop a few moments prior to starting work was a necessary part of his employment is too evident for any contention on that point. That the compensation act covers such exigencies has been held over and over again by this court.

The compensation act covers not only the particular work that the employee is engaged to perform, but it covers the employee while he is engaged in the necessary incidents thereto. Compensation has been allowed where an employee was getting a drink (*Vennen v. New Dells L. Co.* 161 Wis. 370, 154 N. W. 640; *Widell Co. v. Industrial Comm.* 180 Wis. 179, 192 N. W. 449); eating lunch on the premises (*Milwaukee Western F. Co. v. Industrial Comm.* 159 Wis. 635, 150 N. W. 998; *Racine Rubber Co. v. Industrial Comm.* 165 Wis. 600, 162 N. W. 664); warming himself (*Northwestern Iron Co. v. Industrial Comm.* 160 Wis. 633, 152 N. W. 416); sleeping in place provided (*Holt L. Co. v. Industrial Comm.* 168 Wis. 381, 170 N. W. 366; *John H. Kaiser L. Co. v. Industrial Comm.* 181 Wis. 513, 195 N. W. 329); visiting toilet (*Milwaukee Western F. Co. v. Industrial Comm.* 159 Wis. 635, 150 N. W. 998); going for pay (*Hackley-Phelps-Bonnell Co. v. Industrial Comm.* 165 Wis. 586, 162 N. W. 921); riding on conveyance provided by master (*Hackley-Phelps-Bonnell Co. v. Industrial Comm.* 165 Wis. 586, 162 N. W. 921); *Rock County v. Industrial Comm.* 185 Wis. 134, 200 N. W. 657); while going from

place to place on a city street (*Schroeder & Daly Co. v. Industrial Comm.* 169 Wis. 567, 173 N. W. 328; *U. S. Cas. Co. v. Superior H. Co.* 175 Wis. 162, 184 N. W. 694); making tool box for own tools (*Kimberly-Clark Co. v. Industrial Comm.* 187 Wis. 53, 203 N. W. 737); millwright extinguishing fire (*Belle City M. I. Co. v. Rowland,* 170 Wis. 293, 174 N. W. 899).

It should be noted that the statute expressly covers not only his necessary presence on the premises, ready for his work, but it covers the employee while on his way to work in the ordinary and usual way, while on the premises of the employer.

It seems equally evident that the injury to *Champeau* grew out of his employment. Had he not been on the premises of his employer, as required by his employment, he would not have received the injury. The injury was the result of negligence of a fellow employee, who likewise was present in his employment awaiting the signal to begin work. The workman who threw the nail was guilty of negligence, but not of intentional injury to the appellant. Such negligence is more or less common in all places of employment, wherever people are required to assemble for work. Every employer knows this and seeks to guard against it. But such things are inseparable from the natural bent of the human mind.

It was held by the lower court that the appellant could not recover because the accident was the result of play. True it is, that the workman who threw the nail did it as a playful act, but the injured party was not engaged at play, and was not to blame in any manner for the injury that he received. He was accidentally injured by the negligence of a fellow workman, for whom the employer was responsible, and the injury he received falls squarely within the compensation act and is compensable.

The trial court was led to its decision by reason of the

decision of this court in *Federal Rubber Mfg. Co. v. Havolic,* 162 Wis. 341, 156 N. W. 143. In that case the injured workman had ceased work at night, and before leaving the premises was dusting his clothes with a compressed-air hose. A fellow employee voluntarily undertook to clean the dust from the injured workman's back with the hose, and in using the hose to play a practical joke, he unintentionally injured the workman. This court there said: ". . . How injuries resulting from such inexcusable and revolting horse-play as this can be said to be incidental to the employment we are unable to understand. It is equally impossible to understand how it can be said that the claimant at the time of the accident was performing service 'growing out of and incidental to his employment,'" and the court denied compensation. When an employee can be said to be performing service growing out of and incidental to his employment must be determined from an examination of the statutes and the decisions rendered thereunder. When the *Havolic Case* was decided the court had not had many cases under the compensation act before it, and there were but few decisions under compensation acts in other jurisdictions. Since then the law of workmen's compensation has been more fully developed and there has been a general trend of liberality in interpreting the act in this court, to carry out the legislative purpose, as shown by the numerous decisions cited *supra.* This is also true in other jurisdictions. See notes, 13 A. L. R. 540; 20 A. L. R. 882; 36 A. L. R. 1469; 43 A. L. R. 492; 46 A. L. R. 1150, where most of the authorities on the question of compensation for injuries resulting from play are collected. Not all the compensation acts are as liberal as our act in fixing liability for injuries, and many of the decisions in other jurisdictions are inapplicable to our act.

It must be remembered that the question of negligence is absolutely eliminated as a defense in the construction of our compensation act. Even the employee who violates an ex-

press and positive rule of the employer is not denied compensation, although his compensation may be reduced by fifteen per cent. Sub. (5) (j), sec. 102.09, Stats. And if the employee's own negligence, or even his own disobedience to the employer's directions, does not defeat compensation for his injuries, then certainly it cannot be held that the negligence of a fellow workman, or the disobedience of a fellow workman to the employer's directions, can defeat compensation to the injured workman.

In view of the modern decisions of this court and the express language of the compensation act, which is to be broadly and liberally construed to carry out its humane purposes, we are satisfied that this court was in error in its decision in the *Havolic Case.* That case, therefore, must be and it is overruled. This results in a reversal of the judgment below, and the sustaining of the award of the *Industrial Commission.*

*By the Court.*—The judgment of the circuit court is reversed.