Yawkey-Bissell Lumber Company and another, Appellants, vs. Industrial Commission and another, Respondents.

*March 8—April 3, 1934.*

The cause was submitted for the appellants on the brief of *L. A. Pradt, Jr.,* of Wausau, and for the respondent Industrial Commission on that of the *Attorney General* and *Mortimer Levitan,* assistant attorney general.

FRITZ, J. On this appeal and in the circuit court the plaintiffs seek to have the court set aside an award made by the Industrial Commission for compensation for the death of William J. Edwards. Edwards died at about 5 o'clock in the afternoon of Saturday, October 24, 1931, as the result of swallowing carbolic acid by mistake. Evidence, which is practically undisputed, establishes the following facts: At and for some time prior to the time of his death Edwards was in the employment of the plaintiff Yawkey-Bissell Lumber Company at its logging camp, as a scaler and as the clerk in charge of a store maintained by his employer for selling to its employees clothing and tobacco, and also medicines used by them for self-medication. The clothing was kept on certain shelves and at one end thereof the medicines were kept. On the opposite end of the shelves, behind some overalls, a bottle of carbolic acid was kept for use in the treatment of wounded horses. The employer also provided sleeping accommodations in the store for Edwards, and a foreman, and another employee, but when logging operations were suspended on Saturday afternoons, Edwards' daughter usually called to take him to her home over the week-end. On the Saturday afternoon in question, at about dusk and while he and another em-

ployee were in the store, and he was awaiting the arrival of his daughter, he intended, apparently, to take some castor oil for relief from dysentery. However, instead he took carbolic acid by mistake, and died within twenty minutes, notwithstanding immediate efforts to counteract the poison.

The Industrial Commission found that Edwards—

"at the time of the taking of the carbolic acid in question, did so by mistake, and that in so doing he was endeavoring to further his own personal health or comfort, which he had the right to do in the course of his employment, particularly because of the nature of his employment he was required to live on the premises of the employer and, therefore, at the time and place in question the applicant was performing service growing out of and incidental to his employment."

And the commission concluded that,—

"in view of the fact that there was no claim made by the respondent that the carbolic acid in question was taken with suicidal intent and no evidence being offered tending to show that fact," Edwards was injured "in the performance of an act which was not specifically prohibited by his employer and which was in the furtherance of his personal convenience and comfort," and which was "so closely related to his employment that it can reasonably be said that it was incidental thereto."

Appellants contend that as Edwards, at the time of the accident, was through with his day's work and waiting for his daughter to come and take him home, he was not then performing service under a contract of hire, and his presence on the premises after the day's work was over was not referable to his contract of employment. Although it is true that Edwards was awaiting the arrival of his daughter to take him to her home for the week-end, he was nevertheless, at the time of the accident, still in his place of employment and in the service of, and apparently ready to serve his employer, in his capacity of clerk of the store, which constituted the place of his employment. Under the circum-

stances and particularly in view of the decisions in *Badger F. Co. v. Industrial Comm.* 195 Wis. 134, 217 N. W. 734, and *Wisconsin Mut. L. Co. v. Industrial Comm.* 202 Wis. 428, 232 N. W. 885, the commission was warranted in holding that the relationship of employer and employee then existed, even though Edwards intended to leave for the week-end upon his daughter's arrival.

Appellants further contend that the taking of what Edwards apparently supposed to be medicine, was a personal act; that it was not a hazard which had any connection with the employment; and that it was not inseparably connected with or incidental to it. As the evidence fairly admitted finding that the carbolic acid was taken by mistake instead of castor oil, the commission was certainly warranted in also finding and concluding that Edwards was "endeavoring to further his own personal health or comfort which he had the right to do in the course of his employment because of the nature of his employment."

Self-medication may well be deemed necessary in such a lumber camp as was involved in this action, and therefore a natural incident of working in such a camp. The fact that the employer had provided a supply of medicines, for purchase by its employees for self-medication, discloses that it was contemplated that there would be occasion for self-medication. Consequently, under the existing circumstances, the intended taking by Edwards of medicine which he believed necessary and proper to remedy his illness, was certainly as incidental to his employment as an employee's eating lunch (*Milwaukee Western F. Co. v. Industrial Comm.* 159 Wis. 635, 150 N. W. 998; *Racine Rubber Co. v. Industrial Comm.* 165 Wis. 600, 162 N. W. 664), or drinking water (*Vennen v. New Dells L. Co.* 161 Wis. 370, 154 N. W. 640; *Widell Co. v. Industrial Comm.* 180 Wis. 179, 192 N. W. 449; *Archibald v. Workmen's Comp. Comm'r,* 77 W. Va. 448, 87 S. E. 791, L. R. A. 1916 D, 1013; *Oster-*

*brink's Case*, 229 Mass. 407, 118 N. E. 657), or warming himself (*Northwestern Iron Co. v. Industrial Comm.* 160 Wis. 633, 152 N. W. 416), or using a toilet (*Milwaukee Western F. Co. v. Industrial Comm., supra*), was incidental to the particular employment which was involved in each of those cases; and was certainly incidental to his employment to a greater degree than was the eating of ice cream, as a mere refreshment, to the employment to which that was held sufficiently incidental to afford a basis for compensation in *Vilter Mfg. Co. v. Industrial Comm.* 192 Wis. 362, 212 N. W. 641. Inasmuch as proper self-medication was incidental to Edwards' employment, the unintentional, accidental occurrence of a mistake in self-medication, and the resulting hazard, were likewise, under the circumstances, incidental to his employment.

However, although self-medication may be considered incidental to employment in such a place of employment as an isolated, remotely located lumber camp, it does not follow that it would be so considered in respect to employment under circumstances because of which other and safer means of medication are available, and there is no necessity to resort to and rely upon self-medication. In view of the differences in point of fact, in that material respect, the decision in *O'Neil v. Carley Heater Co.* 218 N. Y. 414, 113 N. E. 406, L. R. A. 1917 A, 349, is distinguishable.

*By the Court.*—Judgment affirmed.