State Young Men's Christian Association and another, Appellants, vs. Industrial Commission and another, Respondents.

*May 10—June 4, 1940.*

For the appellants there was a brief by *Wilkie, Toebaas, Hart, Kraege & Jackman* of Madison, and oral argument by *Oscar T. Toebaas.*

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr..Levitan.*

FAIRCHILD, J.   In claims for compensation both employer and employee must give consideration to the employment agreement, including of course reasonable implications, and

keep within the provision of the statutes that liability shall exist only where, at the time of the injury, the employee is performing service growing out of and incidental to his employment. Sec. 102.03 (1) (c), Stats. Neither the Industrial Commission nor the courts have the power to go beyond the bounds fixed by the law upon the subject. In determining whether an injury suffered while playing a game is to be compensated, the deciding factor must be found in facts showing the act to have been performed for the exclusive benefit of the employee so as to be a personal privilege or an act which the employer permits the employee to undertake for some cause apart from the employer's own interests. *Smith v. Seamless Rubber Co.* 111 Conn. 365, 150 Atl. 110.

Kregel sustained his injury while he was playing tennis. He was not on duty and was not engaged in doing anything his employer required of him. He was at the time free to do as he pleased. The evidence shows that he was working as camp counselor with duties specifically stipulated. He was to receive $75 and room and board for ten weeks' services of five hours per day, and twenty-four hours off each week, with the understanding that except for his twenty-four hours off he was to respond to emergency calls. In order to meet that requirement he was to be somewhere within the camp limits. The camp director testified that the camp was run on a basis of suggestion and co-operation; that as to the policy of letting the counselor employees use the tennis courts and engage in sports during their spare time, he said:

"The principle of the policy is twofold I would say: First to encourage fellowship with each other; and second to give them some relaxation and benefit of the camp activity, inasmuch as their salary or stipend is very small. . . . I wouldn't call it the duty. I couldn't put it on that basis, because I couldn't force anybody to do it."

The testimony shows the employer's policy as to privileges accorded counselors, and that the employees were not required to participate in games or indulge in physical exertion.

The award was made on the theory that employees' participation added to the camp morale, and furnished intangible stock-in-trade in the nature of character building and leadership in the employees from which the employer derived benefit. But the circumstances and the contract as disclosed by the evidence do not sustain the findings. The exercise of his privilege to join in a game of tennis with other employees who were also indulging in the pleasure did not result in service to the employer. He and his companions were free to use their time to suit themselves. It was while playing in this manner that Kregel was struck in the eye with a tennis ball. At the time he was exercising a personal privilege apart from any interest of the employer, the nature of which cannot be considered as being for the benefit of the employer or for the mutual benefit of both. His play was without direction or compulsion of any kind which required him to take part, and no duty was imposed on him. Nor would he be discharged for failure to participate.

The argument is made that because he was subject to call, his activities in the meantime were so related to his employment as to keep him in service. This is similar to the claim made in the case of *Brienen v. Wisconsin Public Service Co.* 166 Wis. 24, 163 N. W. 182. Compensation was there denied because at the time of injury the claimant was not performing any service growing out of or incidental to his employment. The court said at page 27:

"True, the statute must be liberally construed in favor of including all service that can in any sense be said to reasonably come within it. But to include the acts of an employee when off duty and when attending to business pertaining strictly to his own private affairs . . . would be to enlarge the meaning of the statutory words beyond their reasonable import, and to constitute every act of an employee subject to a call for duty an act within the scope of his employment though performed in a matter purely personal to himself."

The findings must be supported by substantial evidence. *Jasperson v. Industrial Comm.* 231 Wis. 142, 285 N. W. 391.

So far as being subject to call is concerned, we see no distinction between this case and *Brienen v. Wisconsin Public Service Co., supra.* As said in *Clark v. Chrysler Corp.* 276 Mich. 24, 29, 267 N. W. 589:

"Industry must take care of its disabled, but optional gymnasium exercises cannot be said to be a part of employment so that a common mishap in indulgement is an injury arising out of and in the course of employment."

The *Brienen Case, supra,* treats with facts considered to be similar to those at bar. In neither instance was the claimant on duty, and in each the employee was doing what he wanted to do. The statute, the *Brienen Case,* and *Wisconsin Mut. L. Co. v. Industrial Comm.* 202 Wis. 428, 232 N. W. 885, point to the rule to be followed. In that case where the man who was killed was on duty, it is said at page 429:

"It seems plain enough that Hannon was on duty when injured, and if he was on duty [Hannon's duty was to load equipment and stay with the wagon until it was loaded on the train] he was performing service incidental to his employment."

Hannon was on duty and had not turned aside to satisfy his own curosity or partake in any other transaction. Negligence while performing a duty does not change the relation to the service he is rendering his employer if the act performed is in the discharge of that duty. *McManus' Case,* 289 Mass. 65, 193 N. E. 732. The employment must establish the limits of the risk. Exactly as the working man is entitled to his wages, so he should be entitled to indemnity for the injuries sustained in the natural course of his labor. This excludes injuries sustained when off duty and while the relation of employment does not operate upon him by requiring him to do anything or be in a particular place. He then conducts himself according to his own wishes, sets the stage himself, and controls the elements that constitute the hazard. Where there is no evidence that at the time the injury was received the claimant was engaged in any work for his em-

ployer, a finding is not warranted that the injury arose out of and in the course of his employment. *Industrial Comm. v. Ahern,* 119 Ohio St. 41, 162 N. E. 272.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment setting aside the award of the Industrial Commission.