NORTH END FOUNDRY COMPANY and another, Appellants, vs. INDUSTRIAL COMMISSION and another, Respondents.

*September 12—October 14, 1947.*

For the appellants there was a brief by *Bloomquist &* *Klueter* of Milwaukee, and oral argument by *J. A. Bloomquist*.

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan*.

*Henry J. Posner* of Milwaukee, for the respondent Herman Staub.

Rector, J.  The questions at issue are whether at the time of his injury Staub was performing service growing out of and incidental to his employment and whether the injury arose out of his employment.  Sec. 102.03, Stats.  The Industrial Commission answered both questions in the affirmative.  It is the function of the court to determine whether there is any credible evidence to support that conclusion.

There was credible evidence that Staub was proceeding on his way to report Schmidt's interference with his work, that he deviated only for the purpose of inquiring as to Schmidt's name and was assaulted while making the inquiry.  He was furthering his employer's interest in reporting Schmidt's interference with his work and in so doing he was performing services growing out of and incidental to his employment, as we have interpreted the statutory language.  *Anderson v. Industrial Comm.* (1947) 250 Wis. 330, 27 N. W. (2d) 499.

The commission was also justified in determining that the injury arose out of the employment.  Such assaults are just as much an employment hazard as the playful assault in *Badger F. Co. v. Industrial Comm.* (1928) 195 Wis. 134, 217 N. W. 734, where an employee was struck in the eye by a nail thrown by a fellow employee.  Both are common hazards where employees are thrown together by the nature of their work.

We do not determine whether Staub's injury would be compensable in the event the evidence required the conclusion that he followed Schmidt for the purpose of attacking him and was intent upon carrying out that purpose at the time of his injury.

*By the Court.*—Judgment affirmed.