AMERICAN MOTORS CORPORATION, Appellant, vs. INDUSTRIAL COMMISSION and another, Respondents.

*May 10—June 4, 1957.*

For the appellant there was a brief by *La France, Thompson, Greenquist, Zahn & Dye* of Racine, and oral argument by *Alfred E. La France.*

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

STEINLE, J. Of record there is evidence to the effect that the defendant, Richard Gourley, was employed by the plaintiff, American Motors Corporation, as a checker on its loading (shipping) dock. During his lunch period (one hour) on March 3, 1953, and after he had partaken of his lunch, he climbed to the top of a row of cardboard boxes which were piled next to a railroad track inside the plaintiff's plant and in the vicinity of his work area, to there lie down and rest for a short while. The boxes were filled with parts and were piled to a height of six or seven feet. Previously, over a period of about two years, and with the knowledge of his foreman who did not object, Gourley during lunch hours had rested on boxes similarly piled in the area. Some other of the plaintiff's employees at times had likewise rested atop the boxes in their lunch periods. On the occasion in question, after Gourley had rested on the boxes until about ten minutes before he was to resume work, he started on his way to punch the time clock, and when climbing down from the pile, caught his toe in a band of wire, fell to the floor, and was injured. Mr. Gourley was sixty-six years of age at the time of the accident.

Sec. 102.03, Stats., provides in part:

"(1) Liability under this chapter shall exist against an employer only where the following conditions concur:

"(c) Where, at the time of the injury, the employee is performing service growing out of and incidental to his employment. Every employee going to and from his employment in the ordinary and usual way, while on the premises of his employer, or while in the immediate vicinity thereof if the injury results from an occurrence on the premises, shall be deemed to be performing service growing out of and incidental to his employment; . . .

"(e) Where the accident or disease causing injury arises out of his employment."

In its complaint the plaintiff specifically alleges that there is no evidence to support the findings of the commission that:

"(a) Some benches were provided for men to use during the lunch hour but there were not always a sufficient number to accommodate all employees.

"(b) We believe that during lunch or resting periods, an employee is to be accorded considerable latitude in his activities and in making use of the employer's premises in the absence of specific instructions or prohibitions as to such use. When the employee goes to contiguous areas not too far removed from that assigned by the employer or by custom ordinarily used during off-work periods, he does not remove himself from the course of employment even though his judgment as to use of such area may be faulty or may add some increased hazard.

"(c) . . . we are of the opinion that the applicant must be held to have been in the course of employment and that his injury arose out of the employment."

Notwithstanding that in a workmen's compensation case the facts may be undisputed, nevertheless questions of fact for determination may arise if different inferences can reasonably be drawn from the evidentiary facts. As said in *Gant v. Industrial Comm.* (1953), 263 Wis. 64, 69, 56 N. W. (2d) 525:

"However, when facts are not in dispute but permit the drawing of different inferences therefrom, the drawing of one of such permissible inferences by the commission is an act of fact finding, and the inference so derived constitutes a finding of an ultimate fact and not a conclusion of law. *Hipke v. Industrial Comm.* (1952), 261 Wis. 226, 231, 52 N. W. (2d) 401; *Ebner v. Industrial Comm.* (1948), 252 Wis. 199, 201, 31 N. W. (2d) 172; *Green Valley Co-op. Dairy Co. v. Industrial Comm.* (1947), 250 Wis. 502, 505, 506, 27 N. W. (2d) 454."

See also *Fruit Boat Market v. Industrial Comm.* (1953), 264 Wis. 304, 312, 58 N. W. (2d) 689.

Of major consideration here is the question as to whether the undisputed evidence sustains the logical inference that at the time of injury, Gourley was performing services growing out of and incidental to his employment.

This court is committed to the "personal comfort" doctrine. Professor Arthur Larson in his 1 Law of Workmen's Compensation, p. 297, sec. 21.00, expresses that doctrine as follows:

"Employees who, within the time and space limits of their employment, engage in acts which minister to personal comfort do not thereby leave the course of employment, unless the extent of the departure is so great that an intent to abandon the job temporarily may be inferred, or unless, in some jurisdictions, the method chosen is so unusual and unreasonable that the conduct cannot be considered an incident of the employment."

In *Widell Co. v. Industrial Comm.* (1923), 180 Wis. 179, 183, 192 N. W. 449, this court pointed out that:

"Under the liberal construction which this court and other courts have given to the statute, there are many illustrations where compensation has been allowed the employee for injuries received while he was doing some act not prohibited, and necessary or convenient to his own personal health or comfort. *Holt L. Co. v. Industrial Comm.* 168 Wis. 381,

170 N. W. 366; *Milwaukee Western F. Co. v. Industrial Comm.* 159 Wis. 635, 150 N. W. 998; *Hackley-Phelps-Bonnell Co. v. Industrial Comm.* 165 Wis. 586, 162 N. W. 921; *Racine R. Co. v. Industrial Comm.* 165 Wis. 600, 162 N. W. 664."

In *Milwaukee Western F. Co. v. Industrial Comm.* (1915), 159 Wis. 635, 642, 150 N. W. 998, where the employee, after eating his luncheon on the employer's premises as was customary, started to walk along a passageway near the riverbank toward a toilet provided for the use of employees, and fell into the river and was drowned, this court said:

"All the circumstances and facts tend to show that up to this time he expected to resume his work when lunching time had expired, and hence he was within the scope of his service when walking at this place."

In *Badger F. Co. v. Industrial Comm.* (1928), 195 Wis. 134, 136, 217 N. W. 734, it was stated:

"The compensation act covers not only the particular work that the employee is engaged to perform, but it covers the employee while he is engaged in the necessary incidents thereto. Compensation has been allowed where an employee was getting a drink (*Vennen v. New Dells L. Co.* 161 Wis. 370, 154 N. W. 640; *Widell Co. v. Industrial Comm.* 180 Wis. 179, 192 N. W. 449); eating lunch on the premises (*Milwaukee Western F. Co. v. Industrial Comm.* 159 Wis. 635, 150 N. W. 998; *Racine Rubber Co. v. Industrial Comm.* 165 Wis. 600, 162 N. W. 664); warming himself (*Northwestern Iron Co. v. Industrial Comm.* 160 Wis. 633, 152 N. W. 416); sleeping in place provided (*Holt L. Co. v. Industrial Comm.* 168 Wis. 381, 170 N. W. 366; *John H. Kaiser L. Co. v. Industrial Comm.* 181 Wis. 513, 195 N. W. 329); visiting toilet (*Milwaukee Western F. Co. v. Industrial Comm.* 159 Wis. 635, 150 N. W. 998); going for pay (*Hackley-Phelps-Bonnell Co. v. Industrial Comm.* 165 Wis. 586, 162 N. W. 921); riding on conveyance provided by master (*Hackley-Phelps-Bonnell Co. v. Industrial Comm.*

165 Wis. 586, 162 N. W. 921; *Rock County v. Industrial Comm.* 185 Wis. 134, 200 N. W. 657); while going from place to place on a city street (*Schroeder & Daly Co. v. Industrial Comm.* 169 Wis. 567, 173 N. W. 328; *U. S. Cas. Co. v. Superior H. Co.* 175 Wis. 162, 184 N. W. 694); making toolbox for own tools (*Kimberly-Clark Co. v. Industrial Comm.* 187 Wis. 53, 203 N. W. 737); millwright extinguishing fire (*Belle City M. I. Co. v. Rowland,* 170 Wis. 293, 174 N. W. 899)."

Other cases in which it was held that the "personal comfort" doctrine applied are *Vilter Mfg. Co. v. Industrial Comm.* (1927), 192 Wis. 362, 366, 212 N. W. 641 (repairman eating ice cream in an isolation hospital and contracting smallpox); *Wisconsin Mut. L. Co. v. Industrial Comm.* (1930), 202 Wis. 428, 429, 232 N. W. 885 (employee sleeping near truck to which he had been assigned); *Yawkey-Bissell Lumber Co. v. Industrial Comm.* (1934), 215 Wis. 99, 102, 103, 253 N. W. 793 (self-medication in a lumber camp); *Karlslyst v. Industrial Comm.* (1943), 243 Wis. 612, 614, 11 N. W. (2d) 179 (urinating while standing on running board of moving truck).

While the plaintiff recognizes the rule laid down in the cases just above cited, it maintains that such rule is not applicable here for the reason that Gourley's act of resting on the boxes did not contribute to the better performance of his designated duties, and was not the natural result of the performance of his duties. The plaintiff submits that an injury arises out of employment only when it is the result of an act by the employee within the course of his employment, and for the direct and immediate benefit of his employer.

Counsel for plaintiff argues *inter alia* that the employer gained no benefits from the ten minutes that Gourley spent relaxing on the tops of the boxes; that no act or agency on the company's part contributed to Gourley's fall and resulting injuries; that Gourley elected through his own poor judg-

ment and volition to rest at a dangerous elevated level; that had Gourley wanted to rest during his lunch period, he could have used a bench, or chair, or floor in the vicinity of his work area; that the boxes were not designed or intended for relaxation. In support of its position that Gourley's act of resting upon the boxes was outside the performance of services growing out of and incidental to his employment, and that the accident did not arise out of the employment, the plaintiff cites *Indrebo v. Industrial Comm.* (1932), 209 Wis. 272, 243 N. W. 464 (garage employee taking the trip because of his desire to ride in an airplane) ; *Sheboygan Airways v. Industrial Comm.* (1932), 209 Wis. 352, 245 N. W. 178 (pilot giving acquaintances a free airplane ride solely for their enjoyment without benefiting or furthering his employer's interest) ; *Olson Rug Co. v. Industrial Comm.* (1934), 215 Wis. 344, 254 N. W. 519 (foreman of a traveling crew of salesmen injured while taking a fellow employee, who had contracted a cold, to the home of the salesman's parents in another town) ; *Peterman v. Industrial Comm.* (1938), 228 Wis. 352, 280 N. W. 379 (employee injured while attempting to stop a revolving motor by grasping an exposed shaft out of idle curiosity) ; *State Young Men's Christian Asso. v. Industrial Comm.* (1940), 235 Wis. 161, 292 N. W. 324 (camp counselor while not on duty sustained an eye injury playing a game of tennis) ; *Gibbs Steel Co. v. Industrial Comm.* (1943), 243 Wis. 375, 10 N. W. (2d) 130 (traveling salesman was injured while taking a bath in a room rented by him in a tourist camp) ; *Brynwood Land Co. v. Industrial Comm.* (1943), 243 Wis. 380, 10 N. W. (2d) 137 (caddy who was not required to report for duty or remain waiting for a call sustained an eye injury while playing a game of jackknife baseball with other caddies).

The cases relied upon by the plaintiff involve circumstances in which the employees engaged in activities unre-

lated to their employment. The facts in those cases are clearly distinguishable from those in the matter at bar.

Professor Larson in his work, 1 Law of Workmen's Compensation Law, pp. 298, 299, sec. 21.21 (a), states:

"Injuries occurring *on the premises* during a regular lunch hour arise in the course of employment, even though the interval is technically outside the regular hours of employment in the sense that the worker receives no pay for that time and is in no degree under the control of the employer, being free to go where he pleases.

"There are at least four situations in which the course of employment goes beyond an employee's fixed hours of work: The time spent going and coming on the premises; an interval before working hours while waiting to begin or making preparations, and a similar interval after hours; regular unpaid rest periods taken on the premises, and unpaid lunch hours on the premises. A definite pattern can be discerned here. In each instance the time, although strictly outside the fixed working hours, is closely contiguous to them; the activity to which that time is devoted is related to the employment, whether it takes the form of going or coming, preparing for work, or ministering to personal necessities such as food and rest; and, above all, the employee is within the spatial limits of his employment."

Cases in this jurisdiction within the category referred to by Professor Larson are *Racine Rubber Co. v. Industrial Comm.* (1917), 165 Wis. 600, 162 N. W. 664, and *Monroe County v. Industrial Comm.* (1924), 184 Wis. 32, 198 N. W. 597. In *Racine Rubber Co. v. Industrial Comm., supra,* it was determined that the employer-employee relationship is not interrupted while the employee is eating lunch on his employer's premises. It was there said:

"An employee of a manufacturing concern was seated on a large piece of rubber in a room in the factory at the noon hour eating his lunch, in accordance with a long-existing custom known by and tacitly consented to by his employer,

when a large pile of crude rubber near him unexpectedly fell on him, breaking his leg. The question presented in this case is whether he was at the time of the accident performing service 'growing out of and incidental to his employment' within the meaning of sec. 2394–3, Stats. (the Workmen's Compensation Act).

"This question must be answered in the affirmative on the authority of *Milwaukee Western F. Co. v. Industrial Comm.* 159 Wis. 635, 150 N. W. 998."

Under the "personal comfort" doctrine an employee who rests on his employer's premises during his lunch hour is not to be considered in a situation differing from that of the employee who was actually engaged in partaking of his lunch. In *Holmes's Case* (1929), 267 Mass. 307, 166 N. E. 827, an employee was injured during noon hour after having had lunch. He sat at the back door of the shop where he was employed, dozed off for a few minutes, and fell out of the doorway onto a railroad track for a distance of about nine feet, receiving an injury to his hip. The court upheld an award of compensation. In its opinion the court stated (p. 308):

"The scope of the employee's employment was not strictly limited to the time he was actually engaged in his work. He is entitled to compensation for an injury received while he is on the premises of his employer doing what is necessarily incident to his work. *Bell's Case*, 238 Mass. 46, 49 [130 N. E. 67]. He was not actually working when injured, but having had his lunch during the noon hour and while sitting down he had some kind of a seizure and fell just about as he was ready to go to work and a short time before the power would start at one o'clock. In these circumstances it cannot be said as matter of law, that his injuries did not arise out of and in the course of his employment.

"We are of opinion that the injury sustained while he was on the premises and waiting for the power to start so that he could resume his work could be found to have arisen out of and in the course of his employment as an incident of such employment."

In the case at bar the evidence discloses that Gourley and about 35 other employees in the department usually ate their lunch on the loading dock. Others besides Gourley customarily climbed atop the boxes during lunch hours to "stretch themselves out." No one connected with the management ever forbade that practice. Gourley had rested atop the boxes during his lunch hours. for about two years. His purpose was not to sleep, but to relax, and particularly to rest his feet and legs as his work required him to be on his feet constantly. Manifestly, the employer gained at least indirect benefits from the rest which its employees took under the conditions and circumstances that existed during the periods provided for such purpose.

Poor judgment or negligence does not preclude an employee from benefits of the Workmen's Compensation Act. This court has heretofore held that negligence does not prevent compensation. *Northwestern Iron Co. v. Industrial Comm.* (1915), 160 Wis. 633, 637, 152 N. W. 416; *Karlslyst v. Industrial Comm.* (1943), 243 Wis. 612, 614, 11 N. W. (2d) 179. The injury sustained by Richard Gourley was not "intentionally self-inflicted" so as to bar his claim. The place where he chose to rest had been used by him and others in common for such purpose over a long period of time with the knowledge and acquiescence of the employer. The use of that place for resting purposes during the lunch hours was not prohibited.

We approve and adopt the principle expressed by the commission in its findings and order herein that "during lunch or resting periods, an employee is to be accorded considerable latitude in his activities and in making use of the employer's premises in the absence of specific instructions or prohibitions as to such use. When the employee goes to contiguous areas not too far removed from that assigned by the employer or by custom ordinarily used during off-work

periods, he does not remove himself from the course of employment even though his judgment as to use of such area may be faulty or may add some increased hazard."

We are constrained to hold that there is ample evidence of record to sustain the finding of the commission that Gourley at the time in question was performing services growing out of and incidental to his employment. Had our determination been otherwise, viz., that Gourley was outside his employment while he rested atop the boxes, nevertheless in view of the fact that he had carried on such practice with the knowledge and tacit consent of the employer for a period of two years, we could have come to no other conclusion but that he was actually going to work in the ordinary and usual way; and that he was on the employer's premises when injured; and that therefore, under the statute, he was in the course of his employment when injured.

Since, as is herein determined, the action of Gourley in resting atop the pile of boxes was within the course of his employment, it follows logically that the injury which he sustained as the result of the fall that occurred when he caught his toe in a band of wire on the boxes when alighting from the top of the pile, arose out of his employment. This consideration, too, presented a question of fact for the commission and was within the purview of the rule stated in *Nash-Kelvinator Corp. v. Industrial Comm.* (1954), 266 Wis. 81, 86, 62 N. W. (2d) 567, that:

"Ever since the enactment of workmen's compensation laws, courts have had to deal with that class of cases where the mere conditions and obligations of employment constitute a hazard, distinct from those cases in which the risk of injury is presented by the employee's regular duties. From judicial determination of this class of cases there gradually developed the 'positional risk' doctrine, under which an injury is compensable if it would not have happened but for the fact that the conditions or obligations of the employment put claimant in the position where he was injured. Wiscon-

sin is among the states that have applied this doctrine, and the law is that 'all that is required is that the "obligations or conditions" of employment create the "zone of special danger" out of which the injury arose.' *Butler v. Industrial Comm.* 265 Wis. 380, 385, 61 N. W. (2d) 490. In other words, there is a causal connection between the employment and the injury where the employee is obligated by his employment to be present at the place where he encounters injury through the instrumentality of a third person or an outside force. Such cases include, among others, accidents arising from horseplay, weather conditions, and assaults."

Obviously, in the case at bar, the condition of the employment created a zone of special danger out of which the employee's injury arose.

*By the Court.*—Judgment affirmed.