STREHLOW and another, Appellants, vs. INDUSTRIAL COMMISSION and another, Respondents.

*November 11—December 6, 1955.*

For the appellants there was a brief by *Schlotthauer & Jenswold* of Madison, and oral argument by *John F. Jenswold*.

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan*, assistant attorney general, and oral argument by *Mr. Levitan*.

For the respondent Frank Bauer there was a brief and oral argument by *Thomas P. Maroney* of Milwaukee.

BROWN, J.   Appellants submit that the accident and resulting injury did not occur while Bauer was performing service growing out of and incidental to his employment and that his injury did not arise out of such employment, and the findings of the Industrial Commission to the contrary have no support in the evidence.

The evidence shows that Bauer is a painting and carpenter-contractor and works at this trade five days a week. On Saturday and Sunday he serves as the janitor of Strehlow's store and apartment building and has done so for twelve or thirteen years. His compensation for janitor services is a heated apartment in the building worth $50 a month and a garage worth $4 a month. Strehlow leaves the details of the work to Bauer and usually appears at the building only once a month. On these occasions he receives the rent from his tenants and consults with Bauer about work to be done. Bauer makes minor repairs to the premises, fixes faucets, locks, "and a lot of little incidentals" as routine, on his own initiative without extra compensation. Large repairs or alterations are handled by special contract. Bauer has a workshop in the basement and uses this when necessary or convenient without discrimination in whatever capacity he is working, whether as janitor or as a painter or carpenter.

There were four dwelling units and two stores in the building. Originally each dwelling had a refrigerator, installed in a recess and supplied with refrigerating fluid circulated by a pump in the basement. Strehlow decided to remove these refrigerators and two years before this accident instructed Bauer to dismantle and dispose of two of them. Bauer had done so and had salvaged the lumber and parts. He had used some of the lumber in "fixing up" the recess where the refrigerators had stood and used some of the

parts in repairing or improving the building's sump pump, and used some other metal parts about the downspouts of the building. He had not yet done anything to or with the coils containing refrigerant when Strehlow gave them to a brother who expressed a wish for them.

Shortly before the accident in question, Strehlow directed Bauer to remove and dispose of two other refrigerators. Bauer took them apart and put the lumber and other parts in the basement. On the Sunday in question, after tending the building's furnace and doing other odd jobs on the premises, he attempted to salvage the parts of one refrigerating unit. His immediate purpose was to obtain certain fittings which he needed in bringing a gas line into the workshop. He proposed to use the gas line in soldering operations, which might be either janitor work or independent contracting as the occasion arose. While he was so engaged the acid contents of the coil sprayed over Bauer's face and destroyed the sight in his left eye. This is the accident and injury for which compensation was awarded.

The appellants contend that Bauer's activities at the time of the accident were entirely for his own interest and benefit, or at least there is no evidence that they were for the advantage of his employer. It is true that Strehlow gave no instructions to Bauer to salvage any materials from the old refrigerator and that Bauer was salvaging when he sustained his injury. But the record shows that Bauer was an old and trusted employee to whom Strehlow gave few directions on the details of his job. Bauer testified that whenever alterations were made he was accustomed to salvage materials which might come in handy later and that in the course of his janitor work he had actually used salvage parts from the first two dismantled refrigerators. Strehlow testified that he knew of this custom of salvage for later use in and about the building. The workshop was used both for the benefit of the apartments and for Bauer's independent business. There

were drawers and a workbench and there he kept his tools and materials, including those he used in his duties as janitor. On this Sunday, which was a day for janitor work, his object was to improve the shop by installing a soldering apparatus. No doubt this improvement would be advantageous to his contracting business but that does not rule out its advantage to his work as janitor. The situation is the same as in *Kimberly-Clark Co. v. Industrial Comm.* (1925), 187 Wis. 53, 203 N. W. 737, where an employee was injured while making a toolbox in which to keep his tools which he used in the employer's business. The commission and trial court found that he was within the scope of his employment when he was hurt and we affirmed.

On this record the commission might well find that a salvaging of materials owned by the employer for use in and about the employer's premises was a performance of the duties of the janitor.

In our view the finding by the commission that when injured Bauer was performing service incidental to and growing out of his employment is sustained by the evidence and the inferences which the commission is empowered to draw from it.

*By the Court.*—Judgment affirmed.