HALAMA, Respondent, v. DEPARTMENT OF INDUSTRY, LABOR & HUMAN RELATIONS and others, Appellants.

*No. 126. Argued September 8, 1970.—Decided October 9, 1970.*
(Also reported in 179 N. W. 2d 784.)

For the appellant Department of Industry, Labor & Human Relations the cause was argued by *Donald P. Johns,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

For the appellants Bucyrus Erie Company and Lumberman's Mutual Casualty Company there was a brief by *Schlotthauer, Johnson & Mohs* of Madison.

For the respondent there was a brief and oral argument by *S. A. Schapiro* of Milwaukee.

ROBERT W. HANSEN, J.  Here, as in a very recently decided case,[1] the claimant parked his car in an employer-owned parking lot, crossed a public street separating the parking lot from a fence-enclosed work premises and fell while walking on a public sidewalk outside the factory fence.  Here, as was in part the issue in the recent case, the sole issue is whether the employee was "on the premises of his employer" at the time of injury.  Here, as in the earlier case, the commission held the employee not to have been "on the premises" at the time and place of injury.  Here, as in the other case, the circuit court for Dane county reversed, holding the employee to have been "on the premises."  In both cases, the circuit court urged this court to reverse earlier decisions holding an injury on a public street or sidewalk between plant and parking lot not to have occurred "on the premises" of the employer.  In the case decided earlier, this court upheld the commission's interpretation of the "on the premises" requirement of the Wisconsin statute, holding: ". . . Where injury is sustained while the employee, going to or from work, is on a public street or walk, not controlled by the employer, coverage is denied even

---

[1] *Frisbie v. ILHR Department* (1969), 45 Wis. 2d 80, 172 N. W. 2d 846.

though such street or walkway lies between two portions of the employer's premises." [2]

Abandoning contentions specifically rejected in the *Frisbie Case,* the claimant here relies entirely on the argument that since the employer owned both sides of the roadway, it had fee title to the public road and public sidewalks, making both a part of the employer's "premises." This is termed a "real property concept" and presented as a new approach to a not-so-new conflict. It cannot be held to be that entirely new. It is true this court has recognized that the ". . . fee to the highway remains in the abutting owners, and that they may make such use of the highway as may be reasonable which does not interfere in any way with the public's right in the highway." [3] This fact is recognized in the *Frisbie Case* in the comment: ". . . Where an employer has effectively converted a street into a part of its premises, using it for its private use and treating it as its private premises, such employer-controlled area may be considered a part of the premises of the employer even though it is still open to public use." [4] This recognizes the right of an abutting property owner to make noninterfering use of public roads and walks, and in any given case "the precise test" is whether the employer-abutting owner has "in fact exercised" any such "dominion and control over the situs of the injury." [5] As to public sidewalks and highways, it is the degree of control or dominion by the abutting landowner that is determinative in applying the "on the premises" requirement. Where the employer exercised full control over the property, it has been held to be part of the premises even when the situs of injury was outside

---

[2] *Id.* at page 86.

[3] *Hustisford v. Knuth* (1926), 190 Wis. 495, 496, 209 N. W. 687.

[4] *Frisbie v. ILHR Department, supra,* at page 89.

[5] *Id.* at page 89.

an enclosed place of employment,[6] and even upon property not owned by the employer.[7] The right to compensation has been denied even where the employer owned the property but did not control its use.[8] It is employer control, not the property rights of abutting owner, that can make a public street or sidewalk a part of an employer's premises. Here there is no proof, in fact no claim, that the employer exercised the dominion and control required to make a public sidewalk into a part of the premises of the employer.

Here, as in *Frisbie* and the cases cited therein, we are required to hold that the limiting effect of the Wisconsin statutory language requires finding the claimant was not "on the premises" of the employer when he fell while walking on a public sidewalk. We repeat that ". . . A strong argument can be made for the majority rule that compensation coverage extends to an employee injured while crossing a public street between an employer's parking lot and the employer's work premises. . . ."[9] We repeat that such an ". . . argument is to be addressed to the legislature, not to the courts. Where the pathway to recovery has been narrowed by legislation, it is the legislature which alone can broaden that pathway."[10] We add a judicial suggestion that the

[6] *State v. Industrial Comm.* (1958), 4 Wis. 2d 472, 90 N. W. 2d 397 (recovery granted where injury occurred on public right-of-way owned and controlled by university but open to use by general public).

[7] *Northwestern Fuel Co. v. Industrial Comm.* (1928), 197 Wis. 48, 221 N. W. 396 (recovery granted where injury occurred on a public street where employer had effectively converted and used street as part of his work premises).

[8] *International Harvester Co. v. Industrial Comm.* (1936), 220 Wis. 376, 265 N. W. 193 (recovery denied where injury occurred on land owned by employer and used by employee as shortcut on his way to work when separated from enclosed plant by public street and fully used by third persons).

[9] *Frisbie v. ILHR Department, supra,* at page 89.

[10] *Id.* at page 89.

legislative branch consider broadening compensation coverage to provide that where a claimant is injured while crossing a public road or walk between an employer-owned parking lot and the work premises, he be covered by the act while on a necessary route between the two portions of the employer's premises. Whether such amendment were adopted or rejected, its consideration would at least make clear that the legislature intended or at least approved the noncoverage conclusion that the statute in its present wording makes inescapable.

*By the Court.*—Judgment reversed, and cause remanded for the purpose of reinstating the findings of the Department of Industry, Labor & Human Relations.