118 N.J. Super. 536 (1972)
289 A.2d 259
JOSEPHINE DiNARDO, PETITIONER-RESPONDENT,
v.
NEWARK BOARD OF EDUCATION, RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 14, 1972.
Decided March 29, 1972.
Mr. Thomas H. Green argued the cause for respondent-appellant.
*537 Mr. Irving Silverman argued the cause for petitioner-respondent (Messrs. Jacobson & Silverman, attorneys).
Before Judges LABRECQUE, KOLOVSKY and ALLCORN.
PER CURIAM.
Respondent Newark Board of Education appeals from a determination of the Essex County Court which, after a de novo consideration of the record, affirmed a judgment of the Division of Workmen's Compensation holding petitioner Josephine DiNardo entitled to benefits for accidental injuries sustained on March 9, 1967.
On the day of the accident petitioner was employed by respondent as a cafeteria worker at the Vailsburg (Newark) High School. Her hours were from 9 A.M. to 3 P.M. On the day in question she had just exited the school building and was walking on the adjacent sidewalk en route to a bus stop when her heel caught in a crack in the sidewalk, causing her to fall and sustain the injuries on which her claim is based. It was conceded that the sidewalk in question was part of the public right-of-way and that it was immediately adjacent to the school premises.
Originally the judge of compensation, believing that he was controlled by Gullo v. American Lead Pencil Co., 119 N.J.L. 484 (E. & A. 1938), had dismissed the petition. With the coming down of the opinion in Hammond v. The Great Atlantic & Pacific Tea Co., 56 N.J. 7 (1970), the dismissal was vacated and judgment was entered for petitioner.
In his oral opinion the judge of compensation found that the statutory test for compensability had been met. He reasoned that if the parking lot maintained by an employer was part of its premises for purposes of workmen's compensation, the sidewalk abutting respondent's premises in the instant case should be considered a part thereof for the same reasons, especially where, as here, its state of disrepair may have played a causative role in petitioner's injury. Applying the basic test of compensability, he found that petitioner's accident *538 arose out of the employment since it resulted from a risk reasonably incidental thereto, to wit: a crack in the sidewalk over which she was required to travel in making her work-connected trip to and from work, and that it arose in the course of her employment since she was then doing what one so employed might reasonably do within the time during which she was employed and at a place where she might reasonably be during that time. Hammond v. The Great Atlantic & Pacific Tea Co., supra, at 11.
On appeal the County Court judge affirmed the action of the Division in all respects.
The issue before us is a rather narrow one. We need not determine whether petitioner's injuries would have been compensable had they been sustained as she was boarding a bus at a bus stop some two blocks away. We are concerned only with the compensability of injuries sustained by her when, while in the process of leaving the work premises at the conclusion of her work, she falls on the adjacent sidewalk she is required to traverse in doing so.
In Hammond the employer had provided a parking lot 300 feet away, but petitioner had relied upon her husband or public transportation to get to work. At the time of the accident she had been riding with a fellow employee who parked her car in the parking lot. It was petitioner's custom to walk to a point some distance from the building where she worked and across the street from it and there wait to be picked up by her co-employee. On the day of the accident, while en route to the point where she was to be picked up, she fell and sustained the injuries for which she claimed compensation.
In Hammond the court found it unnecessary to determine whether the "going and coming" rule was to be abandoned. It held that the basic test of compensability was whether the injury arsoe out of and in the course of the petitioner's employment and noted that the going and coming rule was a "subordinate doctrine" which had "produced many harsh results." It pointed out the extent to which the rule had been eroded, noting that most courts treated an injury occurring *539 in the public street between the plant and the parking lot of the employer as compensable. See Lewis v. Walter Scott & Co., Inc., 50 N.J. Super. 283 (App. Div. 1958). It ruled that the going and coming rule was to be construed liberally, within the spirt of the workmen's compensation legislation and that, so viewed, the accident arose out of and in the course of petitioner's employment and her injuries were compensable. Accord, Bergman v. Parnes Brothers, Inc., 58 N.J. 559, 566-567 (1961). See also Ricciardi v. Damar Products Co., 45 N.J. 54, 61 (1965); O'Brien v. First Camden Nat. Bank & Trust Co., 37 N.J. 158, 163 (1962); Daly v. Edwards Engineering Corp., 107 N.J. Super. 183, 186 (App. Div. 1969), aff'd 54 N.J. 524 (1969); Note, "Arising `out of' and `in the Course of' the Employment Under the New Jersey Workmen's Compensation Act," 20 Rutgers L. Rev. 599, 613-21 (1966).
In accordance with the philosophy of our Workmen's Compensation Act and in the light of Hammond, Bergman and Lewis, we hold petitioner's injuries here to be compensable. Whether she was stepping up onto the adjacent sidewalk preparatory to entering the building, or walking along it in the process of leaving, she was in an area where she might reasonably be, and at a time when her presence there would normally be expected. It was an area as to which respondent, as the adjoining landowner, was subject to certain responsibilities. While not necessary to our decision here, we gather that the sidewalk in question was maintained by respondent.
Had petitioner been walking on the sidewalk, whether intending to go to the parking lot to pick up her car or waiting for a ride with a fellow employee, her injuries would have been compensable. Logic and reason would seem to dictate that she should not be denied compensation because she availed herself of public transportation to and from her work. We are living in an era when public funds are more and more being utilized in an effort to improve and encourage the use of mass transit facilities, and thus lessen the *540 load on our already overburdened highways. In using the bus rather than her own car (assuming she owned one) petitioner was furthering the State's interest in alleviating traffic congestion and air pollution. Beyond this, her employer specifically benefited from the absence of a need to furnish parking facilities for her. Certainly it would be incongruous to permit a recovery by an employee for injuries while traversing the adjacent sidewalk en route to the parking lot to get her car, while at the same time denying compensation to another employee, simultaneously injured at the same spot, who is unable to afford a car and must use public transportation.
We hold that petitioner's injuries were sustained in an accident arising out of and in the course of her employment with respondent and are hence compensable.
The judgment of the County Court is accordingly affirmed.