MARMOLEJO, Plaintiff-Appellant, v. DEPARTMENT OF INDUSTRY, LABOR & HUMAN RELATIONS, and others, Defendants-Respondents.

Supreme Court

*No. 77–297. Argued November 6, 1979.—Decided December 4, 1979.*
(Also reported in 285 N.W.2d 650.)

For the appellant there was a brief by *Donald M. Lieb* and *Prosser, Wiedabach & Quale, S.C.,* of Milwaukee, and oral argument by *Mr. Leib.*

For the Department of Industry, Labor and Human Relations the cause was argued by *Donald P. Johns,* assistant attorney general, with whom on the brief was ·*Bronson C. La Follette,* attorney general.

COFFEY, J.  This is an apeal from the judgment of the Circuit Court for Dane County confirming an order of the Department of Industry, Labor and Human Relations, defendant-respondent, (hereinafter referred to as the Department), wherein it affirmed the findings and order of the hearing examiner denying Manuel Marmolejo's (hereinafter the appellant), claim for worker's compensation.

The material facts of this case are undisputed and are contained in the hearing examiner's findings of fact. Manuel Marmolejo was employed by the Mid-City Foundry (hereinafter Mid-City), as a "clamper",[1] and worked a regular shift commencing at 5 a.m. and ending between 2:30 p.m. and 3:30 p.m., five days a week. When he arrived at work he would punch in at a time clock and then punch out at the end of the day. The appellant was given a daily half hour lunch break between noon and 12:30 p.m., but was not required to punch in or out at the time clock when he left for and returned from lunch. The appellant was paid on an hourly time rate but not compensated for the lunch break. Mid-City provided a lunchroom and a vending machine for use by its employees, however, the appellant did not make use of these facilities but went out to eat lunch almost daily.

On February 20, 1975, the appellant left the foundry as a passenger in a car driven by a co-employee for lunch

---

[1] A clamper is a person who clamps the molds together into which hot iron is then poured.

at a tavern-restaurant located at 16th and Pierce Streets. While en route to the tavern-restaurant the co-employee's car was involved in an accident which caused multiple injuries to the appellant and prevented his return to work.

The appellant applied for worker's compensation benefits and his employer, Mid-City, denied that the injuries sustained in the auto accident grew out of or were incidental to his employment, and thus was not entitled to coverage under the Worker's Compensation Act. A hearing was held before an examiner for the department who denied coverage in the following language:

". . . the applicant [MARMOLEJO] was not on the premises of the employer at the time of his injury; that the applicant's injury did not occur while he was performing services growing out of and incidental to his employment with the respondent; . . . ."

The hearing examiner's findings and order were upheld by the department and confirmed in the Circuit Court for Dane County. Judgment affirming the order of the Department was entered September 2, 1977. The appellant appeals from this judgment.

*ISSUES:*

1. Is an employee who is injured in an automobile accident off his employer's premises while voluntarily going to lunch performing services incidental to his employment so as to entitle him to worker's compensation benefits?

2. Is the denial of worker's compensation benefits to the appellant, in this case, a denial of his constitutional right to equal protection under the 14th Amendment of the United States Constitution?

On appeal the appellant contends that his injuries in the automobile accident occurred while performing services growing out of and incidental to his employment,

within the meaning of sec. 102.03 (1) (c) 1, Stats.,[2] and thus he was entitled to worker's compensation benefits. Specifically, the appellant contends he is entitled to compensation under the "personal comfort" doctrine.

The personal comfort doctrine was first recognized in Wisconsin in *Milwaukee Western Fuel Co. v. Industrial Comm.*, 159 Wis. 635, 150 N.W. 998 (1915) ; *Northwestern Iron Co. v. Industrial Comm.*, 160 Wis. 633, 152 N.W. 416 (1915). The doctrine was developed:

". . . to cover the situation where an employee is injured while taking a brief pause from his labors to minister to the various necessities of life. Although technically the employee is performing no services for his employer in the sense that his actions do not contribute directly to the employer's profits, compensation is justified on the rationale that the employer does receive indirect benefits in the form of better work from a happy and rested workman, and on the theory that such a minor deviation does not take the employee out of his employment." Comment, Workmen's Compensation: *The Personal Comfort Doctrine*, 1960 Wis. L. Rev. 91.

[2] "102.03 . . . (1) Liability under this chapter shall exist against an employer only where the following conditions concur:
"(a) . . .
"(b) . . .
"(c) 1. Where, at the time of the injury, the employe is performing service growing out of and incidental to his employment. Every employe going to and from his employment in the ordinary and usual way, while on the premises of his employer, or while in the immediate vicinity thereof if the injury results from an occurrence on the premises, shall be deemed to be performing service growing out of and incidental to his employment; so shall any employe going between an employer's designated parking lot and the employer's work premises while on a direct route and in the ordinary and usual way; and so shall any fireman or municipal utility employe responding to a call for assistance outside the limits of his city or village, unless such response is in violation of law. The premises of his employer shall be deemed to include also the premises of any other person on whose premises service is being performed."

The appellant argues that the act of eating lunch, such as in this case, even though away from his place of employment, ministers to his personal comfort (*i.e.*, the employee's) and thus is incidental to his employment.

The personal comfort doctrine has been applied in many diverse fact situations as follows:

" 'Compensation has been allowed where an employee was getting a drink (*Vennen v. New Dells L. Co.*, 161 Wis. 370, 154 N.W. 640; *Widell Co. v. Industrial Comm.* 180 Wis. 179, 192 N.W. 449); eating lunch on the premises (*Milwaukee Western F. Co. v. Industrial Comm.* 159 Wis. 635, 150 N.W. 998; *Racine Rubber Co. v. Industrial Comm.* 165 Wis. 600, 162 N.W. 664); warming himself (*Northwestern Iron Co. v. Industrial Comm.* 160 Wis. 633, 152 N.W. 416); sleeping in place provided (*Holt L. Co. v. Industrial Comm.* 168 Wis. 381, 170 N.W. 366; *John H. Kaiser L. Co. v. Industrial Comm.* 181 Wis. 513, 195 N.W. 329); visiting toilet (*Milwaukee Western F. Co. v. Industrial Comm.* 159 Wis. 635, 150 N.W. 998); going for pay (*Hackley-Phelps-Bonnell Co. v. Industrial Comm.* 165 Wis. 586, 162 N.W. 921); riding on conveyance provided by master (*Hackley-Phelps-Bonnell Co. v. Industrial Comm.* 165 Wis. 586, 162 N.W. 921; *Rock County v. Industrial Comm.* 185 Wis. 134, 200 N.W. 657); while going from place to place on a city street (*Schroeder & Daly Co. v. Industrial Comm.* 169 Wis. 567, 173 N.W. 328; *U.S. Cas. Co. v. Superior H. Co.* 175 Wis. 162, 184 N.W. 694); making toolbox for own tools (*Kimberly-Clark Co. v. Industrial Comm.* 187 Wis. 53, 203 N.W. 737); millwright extinguishing fire (*Belle City M.I. Co. v. Rowland,* 170 Wis. 293, 174 N.W. 899).'

"Other cases in which it was held that the 'personal comfort' doctrine applied are *Vilter Mfg. Co. v. Industrial Comm.* (1927), 192 Wis. 362, 366, 212 N.W. 641 (repairman eating ice cream in an isolation hospital and contracting smallpox); *Wisconsin Mut. L. Co. v. Industrial Comm.* (1930), 202 Wis. 428, 429, 232 N.W. 885 (employee sleeping near truck to which he had been assigned); *Yawkey-Bissell Lumber Co. v. Industrial Comm.* (1934), 215 Wis. 99, 102, 103, 253 N.W. 793 (self-medication in a lumber camp); *Karlslyst v. Industrial Comm.*

(1943), 243 Wis. 612, 614, 11 N.W.(2d) 179 (urinating while standing on running board of moving truck)." *American Motors Corp. v. Industrial Comm.*, 1 Wis2d 261, 266–67, 83 N.W.2d 714 (1957).

However, one characteristic of these applications of the personal comfort doctrine is that the injuries for which compensation is sought have occurred within the *time* (*i.e.*, during specific paid working hours) and *space* (*i.e.*, on the employer's premises) limitations of the person's employment:

"Employees who, within the time and space limits of their employment, engage in acts which minister to personal comfort do not thereby leave the course of employment, unless the extent of the departure is so great that an intent to abandon the job temporarily may be inferred, or unless, in some jurisdictions, the method chosen is so unusual and unreasonable that the conduct cannot be considered an incident of the employment." *American Motors Corp. v. Industrial Comm.*, *supra* at 265, quoting Professor Arthur Larson, *1 Law of Workmen's Compensation*, p. 297, sec. 21.00.

In the *American Motors Corp.* case the court allowed the employee to recover worker's compensation benefits for injuries received when he fell while climbing down from atop a stack of boxes where he was resting during his lunch hour on his employer's premises, even though the injuries occurred outside his specific hours of employment, *i.e.*, the lunch hour. The court recognized that injuries to an employee occurring *on the premises* of the employer need not occur technically within the specific hours of employment in order to be compensable. As authority for this position the court quotes Professor Larson in his work, 1 *Law of Workmen's Compensation Law*, [sic] pp. 298, 299, sec. 21.21(a), where he states:

" 'Injuries occurring *on the premises* [his emphasis] during a regular lunch hour arise in the course of employment, even though the interval is technically outside

the regular hours of employment in the sense that the worker receives no pay for that time and is in no degree under the control of the employer, being free to go where he pleases.

" 'There are at least four situations in which the course of employment goes beyond an employee's fixed hours of work: The time spent going and coming on the premises; an interval before working hours while waiting to begin or making preparations, and a similar interval after hours; regular unpaid rest periods taken on the premises, and *unpaid lunch hours on the premises.* A definite pattern can be discerned here. In each instance the time, although strictly outside the fixed working hours, is closely contiguous to them; the activity to which that time is devoted is related to the employment, whether it takes the form of going or coming, preparing for work, or ministering to personal necessities such as food and rest; *and, above all, the employee is within the spatial limits of his employment.' "* (Emphasis supplied.) *American Motors Corp. v. Industrial Comm., supra* at 269.

In *Krause v. Western Casualty & Surety Co.,* 3 Wis.2d 61, 87 N.W.2d 875 (1958) and *Van Roy v. Industrial Comm.,* 5 Wis.2d 416, 92 N.W.2d 818 (1958), this court allowed an employee to recover worker's compensation benefits for injuries that occurred off the employer's premises in limited fact situations. In *Krause* and *Van Roy* the employees were injured during their *specific working hours of employment* and their excursions off the premises were either at the employer's request or with his express consent. The court in *Van Roy* emphasized that ". . . an employee who ministers to his personal comfort *during the hours of employment* is 'performing services growing out of and incidental to his employment.' " *Id.* at 426. (Emphasis supplied.)

Thus, the *American Motors Corp.* case establishes that in order for the appellant to recover worker's compensation benefits pursuant to the personal comfort doctrine

the employee's injuries must have been incurred on the employer's premises. The *Krause* and *Van Roy* cases allow an employee to recover worker's compensation for injuries incurred off the employer's premises if the injuries are received during *specific working hours* and the employee is off the employer's premises at the employer's request or with his consent. However, in the present case the appellant was neither injured on the employer's premises nor during regular working hours and thus fails to fulfill either the *time* or *space* limitations of the personal comfort doctrine set forth in *American Motors Corp. v. Industrial Comm., supra.*

The appellant, Marmolejo, was employed at a fixed place of employment—a foundry. His job assignment did not require that he travel away from the foundry. In fact, he could only perform his work assignment as a clamper on the employer's premises. The appellant worked 8 hours per day and was entitled to a ½ hour lunch break. The appellant chose to eat his lunch off the employer's premises at a nearby tavern-restaurant. This court will not allow an employee to recover worker's compensation benefits for injuries received while eating lunch off the employer's fixed premises. We hold in this fact situation that a trip to a nearby tavern-restaurant was the free and personal choice of the employee, for his own convenience, and was of no benefit to the employer and thus the injuries incurred did not grow out of nor were they incidental to his employment.

This court has allowed an employee to recover worker's compensation benefits for lunch time injuries which occur on the employer's premises because while an employee is on his employer's premises he is subject to only the environmental hazards associated with his employment. Larson, 1A *The Law of Workmen's Compensation*, p. 5-10, §21.21(6). However, when the employee is off the employer's premises he is subject to many different

kinds of hazards which the employer has no control over and which are not related to or incidental to his employment, *i.e.*, as in this case, injuries from an automobile accident on a public street while traveling to a designated tavern-restaurant of his own choice.

Furthermore, to allow an employee to recover worker's compensation for injuries that occur on personal lunch time excursions off the employer's premises would extend the Worker's Compensation Act beyond its intended purpose as expressed in *Brenne v. ILHR Department*, 38 Wis.2d 84, 156 N.W.2d 497 (1968) ". . . to provide financial and medical benefits to the victim of *'work connected'* injuries. . . ." (Emphasis supplied.) *Id.* at 91–92.

Therefore, we hold that there was sufficient credible evidence in this case to support the department's findings of fact that at the time of his injury the appellant was not performing services growing out of or incidental to his employment. *Sauerwein v. ILHR Dept.*, 82 Wis.2d 294, 262 N.W.2d 126 (1978).

Finally, the appellant contends that dismissal of his application for worker's compensation benefits is a denial of equal protection. Specifically, the appellant contends that the on the premises limitation and the paid lunch hour limitation are "arbitrary and artificial" and result in a denial of equal protection of the laws to a certain class of employees.

As a general rule, in the absence of a suspect classification or a fundamental interest, the question in an equal protection case is whether the legislative distinction is arbitrary and without a rational relationship to a legitimate legislative objective. *Timberlake v. Kenkel*, 369 F. Supp. 456 (1974). In *Hams v. Kelley*, 70 Wis.2d 242, 234 N.W.2d 628 (1975) this court held:

". . . that a classification though discriminatory, is not arbitrary or capricious, and therefore not violative of the equal protection requirement, if any statement of facts reasonably can be conceived which will sustain it." *Id.* at 255.

We believe there exists in this case a rational basis to sustain the limitation of "on the premises." This can be justified by the fact that the employee who remains on the premises is subject to the hazards of employment present, while the employee who leaves the premises without the direction or approval of management is subject to numerous other dangers and hazards not associated with his employment. Secondly, it should be pointed out that this court has not made a distinction between paid and unpaid lunch hours as alleged by the appellant. The distinction adopted by this court concerns whether the injury occurs during regular (*i.e.,* specific) working hours. An employee, injured during regular working hours while providing services incidental to or growing out of his employment is entitled to recovery of worker's compensation benefits. The fact that an employee is paid for his time is one indication that the employee is within his specific working hours. *See: Van Roy v. Industrial Comm., supra.*

Therefore, we hold the use of the "on the premises" and during specific working hours limitations to determine whether an employee should recover worker's compensation benefits is not arbitrary and has a rational relationship to a legitimate objective, *i.e.,* to provide benefits for injuries that occur as a result of one's employment, or more specifically, growing out of or incidental to his employment, and thus not a denial of equal protection.

*By the Court.*—Judgment affirmed.