JAEGER BAKING COMPANY, Plaintiff-Respondent-Petitioner,

v.

Heinrich KRETSCHMANN, Defendant-Appellant,

DEPARTMENT OF INDUSTRY, LABOR & HUMAN RELATIONS, workmen's compensation division, Defendant.

Supreme Court

*No. 77–562. Argued March 5, 1980.—Decided June 3, 1980.*

(Also reported in 292 N.W.2d 622.)

For the respondent-petitioner there was a brief by *David B. Halling* and *Walther & Halling* of Milwaukee, and oral argument by *David B. Halling.*

For the appellant there was a brief by *Jonathan B. Levine* and *Shneidman, Myers & Gendlin,* and oral argument by *Robert G. Dowling,* all of Milwaukee.

HEFFERNAN, J. Action was brought by the Jaeger Baking Company, pursuant to ch. 102, Stats., to review the findings and order of Department of Industry, Labor and Human Relations (DILHR), dated December 3, 1975, which set aside the hearing examiner's findings and conclusions and awarded worker's compensation for medical expenses and temporary total disability to the claimant, Heinrich Kretschmann, for injuries he sustained while walking to work on January 27, 1974.

The circuit court for Dane County, Circuit Judge Richard W. Bardwell, reversed the department's order and dismissed the claimant's application for compensation. Kretschmann then appealed to the court of appeals, which, in an opinion published at 87 Wis.2d 375, 275 N.W.2d 97 (Ct. App. 1978), reversed the circuit court

and reinstated the department's order awarding compensation. This court granted the employer's petition for review.

The sole issue on review is whether sec. 102.03 (1) (c) 1, Stats., as amended by ch. 148, sec. 1, Laws of 1971, which provides workers compensation coverage to "any employee [injured while] going between an employer's designated parking lot and the employer's work premises while on a direct route and in the ordinary and usual way," covers an employee who, although he has made no use of the employer's parking lot, is injured on his way to work at a point on the direct path between the employer's parking lot and work premises.[1] Stated another way, does the amended statute cover only those employees who are injured while proceeding to or from the employer's parking lot, or does it create a zone of coverage between the two portions of the employer's work premises. On the facts of this case, we hold that the statute only affords coverage to workers who have left the parking lot and are travelling on a direct route to the work premises. We reverse the court of appeals' decision and reinstate the circuit court's judgment dismissing the compensation claim.

The facts are undisputed. Heinrich Kretschmann was injured while walking to work shortly before 2 a.m. the morning of January 27, 1974, when two unknown persons attacked him on a public sidewalk in the City of Milwaukee. Kretschmann was on his way to work the 2 a.m. shift at the Jaeger Baking Company. On the night of the injury, he took a city bus to work. Upon alighting at the bus stop, at a location undisclosed by the record, Kretschmann walked directly toward the

[1] An employee who comes within the provisions of the amendment "shall be deemed to be performing service growing out of and incidental to his employment." Sec. 102.03 (1) (c) 1.

bakery's employee entrance. Kretschmann was walking on the public sidewalk adjacent to the bakery building and was about 50 feet from the employee entrance when attacked.

The place where the attack occurred was on the direct route which an employee using the parking lot would have taken in travelling from the lot to the employee entrance. Had Kretschmann used the parking lot and then walked to the employee entrance, his route would have taken him to the point where he was attacked.

The department examiner denied Kretschmann's application for worker's compensation, finding:

". . . that the injury did not occur on the premises of the employer and did not result from an occurrence on the premises; that at the time of the injury the employe was not performing service growing out of and incidental to his employment and the accident causing injury did not arise out of the employment."

Acting upon Kretschmann's petition for review of the examiner's findings and conclusions, the department set aside the examiner's findings without stating reasons and remanded for further hearing. Following a second hearing, the examiner again dismissed Kretschmann's claim, finding that the claimant had not used Jaeger's parking lot and was not proceeding from the parking lot to the bakery when injured. Upon a second appeal to the commission, the examiner's findings were again set aside. The commission explained its reasons for reversing the examiner as follows:

"The Commission set aside the examiner for these reasons: Wisconsin Statute 102.03(1) does not state or infer that the injured employe must have used the designated parking lot. The applicant met the conditions of liability by the fact that at the time of this assault he was proceeding in the ordinary and usual way on a direct route between the designated parking lot and the employer's work premises.

"It is the opinion of the Commissioners that an employe arriving at work by bus is entitled to the same protection under the Wisconsin Workmen's Compensation Act as an employe who uses the designated parking lot, as long as the employe is on a direct route between the designated parking lot and the work premises."[2]

As evidenced by the commission's statement and the decisions of the circuit court and the court of appeals, the case turns on the meaning and application of sec. 102.03(1)(c)1, Stats., to the undisputed facts of this case. It is well established that questions of law, including the interpretation and application of a statute, are reviewable by this court *ab initio*. Sec. 227.20(5); *Boynton Cab Company v. ILHR Department,* 96 Wis.2d 396, 405, 291 N.W.2d 850 (1980); *Wisconsin Bingo Supply & Equipment Co., Inc. v. Wisconsin Bingo Control Bd.,* 88 Wis.2d 293, 308, 276 N.W.2d 716 (1979). No deference will be accorded an agency finding when the finding is based entirely on uncontroverted evidence. This court is in as good a position as the agency to make findings of fact where the evidence is undisputed and the credibility of witnesses is not in issue. *Department of Revenue v. Milwaukee Refining Corp.,* 80 Wis.2d 44, 257 N.W.2d 855 (1977); *Department of Revenue v. A. O. Smith Harvestore Products, Inc.,* 72 Wis.2d 60, 240 N.W.2d 357 (1976).

Section 102.03, Stats., sets forth the conditions which must be satisfied to impose liability under the Worker's Compensation Act. In part, the statute provides:

"(1) Liability under this chapter shall exist against an employer only where the following conditions concur:
". . .

[2] This is clearly a misstatement of fact. The most that can be said is that the claimant was injured at a point located on what would be the direct route between the parking lot and the work premises.

"(c)1. Where, at the time of the injury, the employe is performing service growing out of and incidental to his employment. Every employe *going to and from* his employment in the ordinary and usual way, while on the premises of his employer, or while in the immediate vicinity thereof if the injury results from an occurrence on *the premises*, shall be deemed to be performing service *growing out of and incidental to his employment; so shall any employe going between an employer's designated parking lot and the employer's work premises while on a direct route and in the ordinary and usual way* . . . .

"(e) Where the accident or disease causing injury arises out of his employment." (Emphasis supplied to show the 1971 amendment to statute.)

The general rule prior to the amendment was that employees going to or coming from work were ordinarily not performing services incidental to their employment and thus were not covered unless actually on the employer's premises when injured. *See, e.g., Black River Dairy Products, Inc. v. DILHR*, 58 Wis.2d 537, 542, 207 N.W.2d 65 (1973); *Caravella v. Milwaukee*, 194 Wis. 190, 215 N.W. 911 (1927). In accordance with this general rule, we have held that the statute covered employees injured while in a parking lot owned or maintained by the employer for the convenience of its employees (*American Motors Corp. v. Industrial Comm.*, 18 Wis.2d 246, 118 N.W.2d 181 (1962)), but did not cover employees injured while walking from the employer's parking lot to the work premises. *Halama v. DILHR*, 48 Wis.2d 328, 179 N.W.2d 784 (1970); *Frisbie v. DILHR*, 45 Wis.2d 80, 172 N.W.2d 346 (1969).[3]

---

[3] In contrast to the vast majority of other jurisdictions, Wisconsin has steadfastly denied compensation to employees injured while traveling between any two portions of an employer's business premises. *See, e.g., Dickson v. Industrial Comm.*, 261 Wis. 65, 51 N.W.2d 553 (1952); *International Harvester Co. v. In-*

In the two latter cases, the claimants were injured on the public sidewalk adjacent to the employer's work premises as they walked to work from the company lot where they had parked their cars. Although denying coverage in both cases, the court noted that a strong policy argument existed in favor of extending coverage to employees proceeding between an employer's parking lot and work premises. In *Halama, supra,* the court invited the legislature to amend the statute, saying:

> "We add a judicial suggestion that the legislative branch consider broadening compensation coverage to provide that where a claimant is injured while crossing a public road or walk between an employer-owned parking lot and the work premises, he be covered by the act *while on a necessary route between the two portions of the employer's premises.*" (Emphasis supplied.) 48 Wis.2d at 332–33.

The legislature subsequently enacted the parking lot coverage extension suggested by the court.[4] In so doing, the legislature employed language nearly identical to that used by the *Halama* court. The legislature took the *Halama* court's suggestion that coverage should be extended to employees "injured while crossing . . . between an employer-owned parking lot and the work premises" (48 Wis.2d at 333), and modified it slightly to cover employees "going between an employer's designated parking lot and the employer's work premises." Sec. 102.03 (1) (c) 1, Stats.

---

*dustrial Comm.,* 220 Wis. 376, 265 N.W. 193 (1936). Professor Larson explains that "The Wisconsin statute, by embedding the premises requirement in the statute itself . . . can produce a result stricter than those of states adopting the premises rule judicially." 1 Larson, *Workmen's Compensation Law,* sec. 15.14, at 4–40 n. 55.

[4] The committee note accompanying the 1971 "parking lot" amendment states that it was enacted in response to the *Halama* decision. *See,* sec. 102.03, Stats. Annot.

The argument advanced by the department, and the one which forms the basis for the court of appeals' decision, is that the term, "going between," is ambiguous and could reasonably mean only that the employee must be "going" in the sense of physical movement or ambulation and be "between" in the sense of being located between the two portions of the employer's business premises when injured. We disagree both with the premise that the statutory language is ambiguous and with the conclusion that the only construction of the provision which avoids absurd results is one which creates an employment zone between the employer's parking lot and business premises.

Because the law of worker's compensation is wholly statutory, public policy questions concerning its scope and fairness are for the legislature rather than the courts. *Frisbie v. DILHR,* 45 Wis.2d 80, 85, 172 N.W.2d 346 (1969) ; *Harry Crow & Son, Inc. v. Industrial Comm.,* 18 Wis.2d 436, 118 N.W.2d 841 (1963). When the statutory language is unambiguous, as we conclude it is in this case, the intention of the legislature must be arrived at by giving the language its ordinary and accepted meaning. *State v. Engler,* 80 Wis.2d 402, 406, 259 N.W. 2d 97 (1977). Given the factual context of *Halama* and *Frisbie,* the cases prompting the statutory amendment,[5] and the plain meaning of the phrase, "going between an employer's designated parking lot and the employer's work premises," it is apparent that the legislative intent in amending the statute was to cover employees injured

[5] In interpreting the meaning of the statutory provision at issue in this case, it is appropriate to consider the judicial decisions which prompted the legislature to broaden the scope of coverage. Sutherland, *Statutory Construction,* sec. 48.01 at 181 (4th ed. 1973) ; *see also, Town of Madison v. City of Madison,* 12 Wis.2d 100, 106, 106 N.W.2d 264 (1960).

while going directly from the one portion of the employer's premises to the other. The legislative intent is expressly stated and is apparent when the pertinent portions of the statute are read in their entirety. The clause immediately following the one quoted provides, "while on a direct route and in the ordinary and usual way." The plain and simple meaning is that coverage may be allowed when an employee is traveling from the parking lot to the work premises, or vice versa, on a direct route.

It is strained to conclude as a matter of fact that a worker falls within the compensable category merely because his route to work intersected the route that would have been taken by an employee walking from the parking lot to the work premises. Protection is afforded by the statute for the journey undertaken by an employee when he is going between two portions of the employer's premises when one of such portions is the employee parking lot. This is the only change suggested by *Halama*, and it is unambiguous that only this change in the statute was accepted by the legislature. As we said in *Milwaukee Fed. of Teachers Local No. 252 v. WERC*, 83 Wis.2d 588, 599, 266 N.W.2d 314 (1978), "an amendment to a statute changes the previous law only so far as it expressly states or necessarily implies change." *See also*, 1A Sutherland, *Statutory Construction*, sec. 22.30 at 179 (4th ed. 1972).

The court of appeals' interpretation of the statute essentially holds that the legislature adopted the "special hazards" exception to the premises rule or carved out a special zone of coverage around the employer's work premises. Such a conclusion is without foundation.

The "special hazards" exception applied in some jurisdictions extends coverage to an employee injured by a special hazard existing at an off-premises point on the normal and necessary route to work. 1 Larson, *Work-*

*men's Compensation Law,* sec. 15.13 at 4–18. The exception is premised on the notion that, if the special hazard exists on the route to work, the hazard is an inescapable part of the worker's employment. *Id.* As pointed out in *Frisbie,* however, the special-hazards exception is inapplicable under Wisconsin's statutory scheme of worker's compensation.[6] 45 Wis.2d at 92. Sec. 102.03 (1) (c) 1, Stats., limits the application of the special-hazards rationale to "spilled over danger," which must occur in the immediate vicinity of the business premises and be directly connected with the employer's work and premises. *Frisbie, supra,* 45 Wis.2d at 92. In discussing the "spilled over danger" exception, we emphasized in *Frisbie* that:

" '[I]t was never the intention behind this exception to mark out an off-premises area, merely because it is a normal access route, and then invest it with all the characteristics of the premises for course of employment purposes.' " 45 Wis.2d at 93–4.

Because the limited "spilled over danger" provision discussed in *Frisbie* was left unchanged by the 1971 parking lot amendment, it was not the intent of the legislature to create a new and broader special-hazards exception by inserting the narrow parking-lot language. If the legislature had wanted to create a zone in which bus riders, bicycle riders, walkers, etc., were covered while proceeding to or from work, it would not have expressed that intention by limiting coverage to the direct route between the employer's parking lot and work premises.

---

[6] Kretschmann's claim for compensation at the first hearing was based on the "special hazard" type rationale that Jaeger should be responsible for his injuries because the bakery's location in an allegedly high crime area made getting to work a hazard arising out of the employment. The record reflects that Kretschmann quickly abandoned that position, as well he should given *Frisbie, supra,* in favor of seeking coverage under the parking lot provisions.

The court of appeals reasoned, and the department argues on appeal, that following the plain meaning of the statute will produce absurd results by distinguishing between employees injured in the same manner and place on the basis of how they got to work.[7] Although the argument has superficial merit, the construction of the statute urged by the department would produce even more arbitrary results.

The department's construction would differentiate between two employees proceeding to work from the same bus stop if one happened to be injured at a location on the direct route between the employer's parking lot and work premises and the other, following the same route to work, was injured several inches, yards, or blocks off the "route between." It was fortuitous that Kretschmann was injured at a point on the direct route from the employee parking lot to the bakery. The trial court also demonstrated the weakness in the department's purposed construction of the statute:

"If an employee who does not use an employer's parking lot leaves work from an exit not in line with the parking lot and is injured immediately outside the gate, he would be denied recovery, while a co-employee who exited from a gate opposite the parking lot and was injured would be compensated. Further, if the parking lot adjoins the work premises, and it is necessary to walk along the sidewalk from the lot to the gate, an employee who took one bus and was coming from the direction of the parking lot would be covered while one who took a different bus and was coming from the opposite direction would not be covered, even if they were simultaneously

[7] A similar argument regarding the strict application of the on-premises rule was recently rejected in *Marmolejo v. DILHR*, 92 Wis.2d 674, 285 N.W.2d 650 (1979). The appellant in *Marmolejo* argued unsuccessfully that the on-premises rule and the related paid-lunch-hour limitation denied equal protection to employees who were injured while off-premises during unpaid lunch hours. *Id.* at 683–84.

injured one foot from the plant gate but on different sides of it. In these situations what would the existence of the parking lot have to do with the logic of compensation at all?"

We find Professor Larson's discussion of the problem presented by this case persuasive. Professor Larson is generally critical of judicial attempts to broaden the time tested premises rule. He notes that:

"It is a familiar problem of law, when a sharp, objective, and perhaps somewhat arbitrary line has been drawn, producing the kind of distinctions just cited, to encounter demands that the line be blurred a little to take care of the closest cases. For example, one writer says that there is no reason in principle why states should not protect employees 'for a reasonable distance' before reaching or after leaving the employer's premises. This, however, only raises a new problem without solving the first. It raises a new problem because it provides no standard by which the reasonableness of the distance can be judged. It substitutes the widely-varying subjective interpretation of 'reasonable distance' by different administrators and judges for the physical fact of a boundary line. At the same time, it does not solve the original problem, because each time the premises are extended a 'reasonable distance,' there will inevitably arise new cases only slightly beyond that point—and the cry of unfairness of drawing distinctions based on only a few feet of distance will once more be heard." 1 Larson, *Worker's Compensation Law*, sec. 15.12 at 4–6 (1978).

Professor Larson criticizes several cases in which courts, confronted by an arguably harsh result under the premises rule, have extended coverage a "reasonable distance" beyond the premises. *Id.* at 4–6 to 4–9. Among the decisions criticized by Larson is a New Jersey case, *Dinardo v. Newark Bd. of Education*, 118 N.J. Super. 536, 289 A.2d 259 (1972), which was decided on facts strikingly similar to the ones in the present case. The

New Jersey claimant was injured when she fell on a public sidewalk adjacent to her place of employment while walking to the bus stop after work. The court awarded compensation. The court reasoned that since, under New Jersey law, the injury would have been compensable if the claimant had been injured on her way to the employer's parking lot to pick up her car, she should not be denied compensation merely because she was using public transportation.

After examining *Dinardo* and several similar decisions, Larson concludes that:

> "The real flaw in these opinions is that they ignore the special doctrine that accounts for extension of the premises rule to the trip to parking lots. This is the principle that travel between two parts of the employer's premises is compensable. By establishing or sponsoring a parking lot not contiguous to the working premises, the employer has created the necessity for encountering the hazards lying between these two portions of the premises. No such considerations apply to a trip to some bus stop or railway terminal or to some parking location on a public street over which the employer has no conceivable control." Larson, *supra,* sec. 15.12 at 4–10.

We agree with Professor Larson's analysis and conclude that the court of appeals' rationale is similar to that prompting Larson's criticism of *Dinardo.* Although worker's compensation laws should be liberally construed to effect the remedial purposes underlying such legislation, "court interpretation of a statute is not to be used as a device for repealing it or changing its obvious meaning." *Frisbie, supra,* 45 Wis.2d at 87.

Accordingly, we resolve the question of statutory interpretation against Kretschmann and against the unwarranted broadening of coverage. We conclude that the legislature has not made the injury here compensable. The decision of the court of appeals is reversed and

the circuit court's judgment dismissing the claim for compensation is affirmed.

*By the Court.*—Decision of the court of appeals reversed; judgment of the circuit court affirmed.

DAY, J. *(dissenting)*. I would affirm the decision of the court of appeals. It is a well-accepted principle that the Worker's Compensation Act, like any remedial statute, " 'should be liberally construed in favor of including all service that can in any sense be said to reasonably come within it.' "[1] The instant action involves the interpretation of a provision which was added in 1971 to sec. 102.03(1)(c)1, Stats., as a result of this court's decisions in *Frisbie v. ILHR Dept.*, 45 Wis.2d 80, 172 N.W.2d 346 (1969) and *Halama v. ILHR Dept.*, 48 Wis.2d 328, 179 N.W.2d 784 (1970).[2]

Both *Frisbie* and *Halama* involved situations where an employee was refused recovery for injuries suffered while he was walking from a company-owned parking lot to the plant's premises. These denials of compensation were based on the grounds that Wisconsin's strict requirement that the employee be "on the premises" when injured had not been fulfilled.[3] In *Halama*, the court suggested that the legislature "consider broadening compensation coverage to provide that where a claimant is injured while crossing a public road or walk between an employer-owned parking lot and the work premises. . . ." that he be covered. *Halama v. ILHR Dept.*, 48 Wis.2d at 333.

[1] *Frisbie v. ILHR Dept.*, 45 Wis.2d 80, 87, n. 8, 172 N.W.2d 346 (1969), (quoting *Vandervort v. Industrial Comm.*, 203 Wis. 362, 364, 234 N.W. 492 (1931). *See also, Cruz v. ILHR Dept.*, 81 Wis.2d 442, 449–450, 260 N.W.2d 692 (1978).

[2] *See* Committee Note, 1971 (appended to sec. 102.03, Stats.).

[3] *See, Halama v. ILHR Dept.*, 48 Wis.2d at 335; *Frisbie v. ILHR Dept.*, 45 Wis.2d at 83.

The majority states that the statutory language in this case is "unambiguous" and that the language should be given "its ordinary and accepted meaning." However, the majority's perception was not shared by the examiner, who found for the employer, the department, which found for the employee, the circuit court which found for the employer and the court of appeals which decided in favor of the employee! But even assuming the majority is correct in concluding that the language in question is "unambiguous," in my opinion, its perceived lack of ambiguity would favor the employee.

In the instant action it is undisputed that when Kretschmann was injured he was located on the same route an employee would take if he used the parking lot, and walked to the employer's premises on a direct route. The difference between Kretschmann, and employees who drove to work, is that since Kretschmann took public transit his *starting point* was not the parking lot but a bus stop. If he had been injured while getting off the bus, or at any point before reaching the route he would have taken had he used the parking lot, it is clear Kretschmann would be denied recovery, following the general rule that statutory interpretation should not be used as a device for changing a statute's obvious meaning.[4] However, such is not the case in this action. Kretschmann's path had merged with those using the parking lot by the time of his injury. Thus, the question becomes whether, liberally construed, the phrase "going between an employer's designated parking lot and the employer's work premises while on a direct route" should be interpreted as creating an area at the premises in which recovery to injured employees is mandated, or merely protects a class of people, *i.e.*, those using the parking lot. Based on the absence in this phrase of any

---

[4] *Frisbie v. ILHR Dept.*, 45 Wis.2d at 87.

requirement that the injured party have used the parking lot, or any reference to the parking lot as a required starting or ending point of his journey, the protection should not be limited merely to those using the parking lot. If it was the intent of the legislature to so limit this statute it would have done so explicitly as it did earlier in sec. 102.03, Stats., when it referred to employees "going *to* and *from* [their] employment in the ordinary and usual way." (Emphasis added.) This statute should be construed as affording protection to those employees on a direct route between the employer's parking lot and his premises, whatever the mode of transportation taken to reach that route.

The majority states, "it was fortuitous that Kretschmann was injured at a point on the direct route from the employee parking lot to the bakery." (Slip op. at 10). This was, and is the reason why, under the statute he should recover. All injuries compensable under Worker's Compensation Act are *a fortiori* fortuitous.

The majority attempts to support its analysis by attacking the reasoning of arguments that would grant recovery to employees leaving the plant at other exits and going to bus stops not "on a direct route" to the "employer's designated parking lot." But that situation is not before us. It presents a hypothetical situation that does not exist in this case. (p. 600).

The majority opinion cites Professor Larson (p. 601) on the problems created when courts try to stretch "premises" coverage by allowing recovery for injuries received at "reasonable distances" from the statutorily designated area. But again, this is not the fact in the case before us. Kretschmann was not a "reasonable distance" or any distance from the statutorily designated area, he was in that area when he was injured.

A hypothetical more in point is that under the majority opinion if a fellow employee had just come from parking

his car in the parking lot and had been walking with and talking to Kretschmann and had also been attacked and injured, the majority would permit the employee coming from the parking lot to recover but not Kretschmann, even though they were both injured at the same place by the same people. In my opinion, this creates an absurd result not necessary by the wording of the statute.

The majority again cites Professor Larson:

"By establishing or sponsoring a parking lot not contiguous to the working premises, the *employer has created the necessity for encountering the hazards lying between these two portions of the premises.* No such considerations apply to a trip to some bus stop or railway terminal or some parking location on a public street over which the employer has no conceivable control." (At 602, emphasis added)

The quotation shows exactly why Kretschmann should recover. He encountered a hazard lying between the two portions of the employer's premises. I would affirm the court of appeals.